[Civ. No. 19658. Second Dist., Div. One. Nov. 10, 1953.]

VIVIAN SPROUL, Appellant, v. WILLIAM THOMAS CUDDY et al., Respondents.

198

George W. Van Dyke and Owen M. Murphy for Appellant.

Sampson & Dryden and Wendell Mackay for Respondents.

THE COURT.—Plaintiff has filed a notice stating that she appeals "from that certain judgment rendered on the 7th day of August, 1952, in favor of the defendants and against the plaintiff above named, and the whole thereof." We have examined the clerk's transcript on appeal and find in it no such judgment although the said transcript has been certified by the trial court as including all of the papers used or considered in the determination of the matter appealed from. We have also examined the original file in this case, No. 591959 in the trial court, and find in it no such judgment. There is included in the clerk's transcript a minute order of August 7, 1952, which includes, "Motion by attorney for defendant to dismiss 1st and 3rd causes of action is by the court granted. Cause dismissed."

Plaintiff had filed a first amended complaint containing three causes of action, the first two alleging negligence and the third alleging breach of warranty. They set out that plaintiff had undergone an operation and was unable to bear weight on her right leg; that she rented an "invalid walker" device from defendant; that because of negligence on the part of defendant the "invalid walker" was in a condition not fit for the use for which it was rented and that as a proximate result of defendant's negligence and breach of

warranty she fell and sustained further injury, and sought damages to compensate her therefor.

Defendant denied negligence and denied any breach of warranty. The second cause of action was dismissed by the court as being substantially the same as the first cause of action. Defendant interposed a seventh special defense, pleading a document which recited that the device was delivered to Mr. Chester H. Sproul and contained the following:

"LICENSEE—TAKE NOTICE—Licensor uses great care to have all of its equipment in good order and repair, gives no warranty expressed or implied, as to condition, quality or any other matter of any equipment sent out, and will in no way be responsible for damages resulting from use thereof. Licensee acknowledges that the above merchandise and/or equipment has been inspected and received in good condition and accepted as is, and the Licensee agrees to save and hold harmless the Licensor, for any damage sustained in the use of said merchandise and/or equipment."

After the word "LICENSEE" appears the name "C. H. Sproul." Defendant alleged that Chester H. Sproul, as the husband and agent of plaintiff, signed this document but later stated to the court that plaintiff had signed her husband's name and that thereby plaintiff is barred and estopped from proceeding against defendant. ▇ After defendant had served and filed this special defense, plaintiff took no further action by way of denying it and the genuineness and due execution of the document were thereby admitted. (Code Civ. Proc., § 448.) Whether the name was signed to the document by plaintiff's husband or whether his name was signed by the plaintiff herself, would apparently make no difference as far as its legal effect is concerned in this case.

When the case was called for trial, the court undertook to hear and dispose of the seventh special defense which was interposed as constituting a bar to further proceedings under the complaint. The court ruled that the legal effect of the document thus signed by plaintiff or by her husband was to preclude the action brought by her as set out in her amended complaint, and thereupon made the minute order of August 7th, above referred to, stating as follows:

". . . the motions of the defendant to dismiss causes number three and one are granted, and the cause will be ordered dismissed.

"The motion counsel made this morning that the court proceed to try the special issue without a jury has been

abandoned as it is not now germane at all. . . . So, that will be dismissed—that motion will be dismissed.

"The defendants will prepare the form of a judgment. No findings required."

Such a dismissal does not seem to be provided for by section 581, Code of Civil Procedure. The provisions, therefore, of section 581(d), Code of Civil Procedure, that an order of dismissal when entered in the minutes shall constitute a judgment would not support plaintiff's assumption that the minute order of August 7th, was an adequate substitute for the written judgment which the trial court directed defendant to prepare but which does not appear in th'e record.

Section 597, Code of Civil Procedure, which provides for trial of special defenses sets out that: ". . . if the decision of the court, . . . upon any special defense so tried . . . is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had unless such judgment shall be reversed on appeal or otherwise set aside or vacated; . . .."

 As stated in *Woodhouse* v. *Pacific Elec. Ry. Co.*, 112 Cal.App.2d 22, 25 [245 P.2d 701]: "If, on the trial of special defenses only, the decision is in favor of the defendant pleading the same, the trial is at an end (*Steiner* v. *Thomas*, 94 Cal.App.2d 655, 658 [211 P.2d 321]); a judgment is then entered for the defendant; and, on a motion for a new trial or upon appeal from the judgment, the decision on the special defenses and all rulings on the trial of them may be reviewed."

 ". . . the effect of failure to file the affidavit is merely to admit that the instrument pleaded is what it purports on its face to be; that the matters recited therein are true; and that it was executed and delivered by the parties who signed it, in the capacity in which they appear to have acted. A plaintiff . . . may still attack the instrument for any cause not going to its genuineness or due execution, and may, without further pleading, introduce competent evidence to sustain any other legitimate defense thereto, such as fraud, mistake, undue influence, . . .." 21 Cal.Jur. 168; *Donovan* v. *Security-First Nat. Bank,* 67 Cal.App.2d 845, 852 [155 P.2d 856].

Plaintiff's impression that such a release is not available to defendant or at least is not adequate as a defense to an action for negligence and breach of warranty appears erroneous in the light of the court's holding in *Werner* v. *Knoll,*

89 Cal.App.2d 474 [201 P.2d 45]. In that case defendant interposed a special defense that in an action for negligence setting up as a bar to the maintenance of the action a covenant between the parties that defendant "shall not be liable for any damage arising from personal injuries" etc. The trial court considered this special defense, and, as stated in the opinion at page 475: "A hearing was had at which evidence, both oral and documentary was introduced, including the agreement between plaintiff and defendant. At the conclusion thereof the court found in favor of defendant that plaintiff was bound by said provision, that it was not against public policy or otherwise invalid and that plaintiff was barred from further prosecution of his complaint and that the same should be dismissed. Judgment was entered accordingly in favor of the defendant from which judgment plaintiff has taken this appeal, . . .." The judgment in that case was affirmed.

Plaintiff's closing brief deplores the failure of the trial court to afford plaintiff an opportunity to offer evidence and have at least a court trial on the issue raised by the special defense. It is unfortunate that this desire of plaintiff was not more clearly conveyed to the trial judge when the matter was being considered.

When, as in this case, on the basis of special defense interposed, a minute order is made dismissing plaintiff's complaint, that minute order is not such a judgment as is contemplated by section 597, Code of Civil Procedure. Plaintiff's appeal is premature, and must be dismissed. The trial court will be reinvested with jurisdiction and power to reopen the case for such further proceedings as appear proper.

The appeal is dismissed.