[Civ. No. 6045. Fourth Dist. July 30, 1959.]

STATE MARKET OF AVENAL, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF KINGS COUNTY, Respondent; RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL-CIO, LOCAL 1288 et al., Real Parties in Interest.

518

Ted R. Frame for Petitioner.

Carroll, Davis, Burdick & McDonough, Roland C. Davis, Charles R. Scully and Victor Van Bourg for Respondent and Real Parties in Interest.

SHEPARD, J.—This is a petition for a writ of mandamus seeking a direction to the Superior Court of the County of Kings to hear and determine an action, in which action plaintiff (petitioner herein) seeks injunctive and other relief against allegedly unlawful picketing activity of defendants (the real parties in interest herein).

The record of the trial court brought to us by the parties herein shows that plaintiff therein filed a complaint alleging *inter alia* that plaintiff is engaged in a retail grocery business at Avenal, California; that it is not engaged in interstate commerce; that it purchases and sells all of its merchandise in intrastate commerce; that defendants are labor unions or officers thereof; that defendants combined to and did picket plaintiff's place of business; that there is no labor dispute between plaintiff and defendants; that plaintiff's employees are exclusively represented by a labor organization other than defendants; that defendants' activities arise out of a controversy between two or more labor organizations as to which organization is entitled to represent said employees in bargaining, or which organization has the right to have its members perform work of plaintiff; that plaintiff has suffered damage; and that it has no plain, speedy or adequate remedy at law. In a third cause of action plaintiff additionally alleges that defendants by their activity seek to prevent plaintiff

from dealing with certain other grocery stores not owned or operated by plaintiffs, and with respect to which other stores the defendants do have a labor dispute. Defendants filed their general and special demurrer to said complaint but filed no answer. They moved to dismiss the action and to vacate an injunction on the ground that the court has no jurisdiction of the subject matter of said action in that the exclusive jurisdiction thereof lies with the judicial and administrative agencies of the United States. Nowhere in the pleading or affidavits is there any allegation that plaintiff in the action was engaged in interstate commerce, and the trial court's finding that plaintiff was engaged in interstate commerce is completely and entirely without any support in the record before us. The demurrer was never ruled on. No motion was made for dismissal under Code of Civil Procedure, sections 437c, 453 or 581. Defendants have not pointed to any authority presently recognizing the procedure here followed. ■ Since the decision in *Pianka* v. *State*, 46 Cal.2d 208, 211 [293 P.2d 458], the so-called "speaking motion" which was recognized by our courts, in some instances, prior to the more recent amendments to Code of Civil Procedure, section 437c, is no longer a part of California practice. (*Fidelity & Deposit Co.* v. *Claude Fisher Co.*, 161 Cal.App.2d 431, 434 [2] [327 P.2d 78].) ■ It is well settled that a judgment of dismissal on the sole ground of lack of jurisdiction is not a decision on the merits, and as was said in *Robinson* v. *Superior Court*, 35 Cal.2d 379, 385 [218 P.2d 10]: ■ "One of the fundamental aims of the law is to secure to a litigant a judgment on the merits of a matter properly brought before the court, and one of the ancient offices of the writ of mandate was to compel a court to hear and decide the merits of a matter within its jurisdiction."

■ One of the subjects which was before the court was a motion to vacate the preliminary restraining order, and the power of the court to make an order vacating such preliminary restraining order is clear. (Code Civ. Proc., § 532.) ■ In our opinion, the amended complaint was sufficient to confer jurisdiction of the subject matter. (*Retail Clerks' Union* v. *Superior Court*, 52 Cal.2d 222 [339 P.2d 839]; *Chavez* v. *Sargent* (1959), 52 Cal.2d 162 [339 P.2d 801].) The cases of *San Diego Building Trades Council* v. *Garmon*, 353 U.S. 26 [77 S.Ct. 607, 1 L.Ed.2d 618] [1957]; *Guss* v. *Utah Labor Relations Board*, 353 U.S. 1 [77 S.Ct. 598, 1 L.Ed.2d 601] [1957]; *Amalgamated Meat Cutters etc.* v.

*Fairlawn Meats, Inc.,* 353 U.S. 20 [77 S.Ct. 604, 1 L.Ed.2d 613] [1957]; *San Diego Building Trades Council, Millmen's Union, Local 2020, etc.* v. *Garmon,* 359 U.S. 236 [79 S.Ct. 773, 3 L.Ed.2d 775] [Apr. 20, 1959] express no contrary view.

The sole question before us then at this time is whether or not the respondent court had the power to make an order of dismissal under the procedure presented by the record. Since the motion in no way complied with the provisions of section 437c, nor with any other statutory procedure, we are bound to and do hold that the trial court did not have such power.

It is ordered that a peremptory writ of mandate issue to the superior court, county of Kings, directing that court to vacate the order of dismissal heretofore made, and to proceed to hear such matter by demurrer, summary judgment procedure, trial on the merits or such other mode under the law as the facts appearing before it may justify.

Mussell, Acting P. J., concurred.

The petition of the respondent and the real parties in interest for a rehearing was denied August 28, 1959, and their petition for a hearing by the Supreme Court was denied September 22, 1959.