[Civ. No. 20976. First Dist., Div. Three. Nov. 8, 1963.]

SYRIL LERNER, Cross-complainant and Appellant, v. PHILIP S. EHRLICH, Sr., et al., Cross-Defendants and Respondents.

Goldberg & Brandis and Daniel T. Goldberg for Cross-complainant and Appellant.

Thomas E. Feeney for Cross-defendants and Respondents.

SALSMAN, J.— The appellant Syril Lerner employed cross-defendant Philip S. Ehrlich, Sr. as her attorney in a divorce action. A dispute arose between them relating to the amount of fees due Ehrlich. Ehrlich assigned his claim to L. M. Carroll, who filed an action against Lerner. Lerner in turn filed a cross-complaint against Ehrlich, charging false representations and intent to deceive in connection with the agreement for fees. Ehrlich moved to strike the cross-complaint as sham and filed an affidavit in support of the motion. Lerner filed an affidavit in opposition to the motion to strike and she now appeals from the trial court's order granting the motion.

We must first dispose of respondent's contention that the trial court's order is not appealable. As a general rule, where the parties to the complaint and cross-complaint are the same, an order granting or denying a motion to strike out a cross-complaint is not appealable, but the correctness of the order is reviewable on appeal from the final judgment. (*Yandell* v. *City of Los Angeles*, 214 Cal. 234, 235 [4 P.2d 947].) A different rule applies, however, where the parties to the complaint and cross-complaint are not the same. In such case an order striking a cross-complaint is immediately appealable. (*Herrscher* v. *Herrscher*, 41 Cal.2d 300 [259 P.2d 901].)

Respondent Ehrlich argues, however, that here the parties are in effect identical, because Carroll is but the assignee of respondent Ehrlich and their rights are the same. Nevertheless, the ultimate interests of the parties are not the same, because appellant seeks only to defend against the claims of Carroll, but as to respondent Ehrlich she seeks affirmative relief on her cross-complaint. The order striking the cross-complaint against Ehrlich is in effect an adverse adjudication of appellant's rights against Ehrlich, and under such circumstances is an appealable judgment. (*Herrscher* v. *Herrscher, supra;* 3 Witkin, Cal. Procedure, pp. 2154, 2155.)

In moving to strike appellant's cross-complaint, respondent Ehrlich used what is commonly referred to as a "speaking motion", that is, a motion supported by facts outside the pleadings. Several provisions of the Code of Civil Procedure support motions to strike pleadings. Section 435 allows a motion to strike the complaint; section 442 permits the same motion as to a cross-complaint, and section 453 provides for striking sham answers. In making such motions it has been common practice to support them by affidavits and facts outside the pleadings, although statutory authority for this procedure is not established. The enactment of Code of Civil Procedure section 437c relating to summary judgments has now made it unnecessary to resort to the former procedure. In *Pianka* v. *State of California*, 46 Cal.2d 208, 211-212 [293 P.2d 458], the court said: "However, nonstatutory speaking motions have now been superseded by the procedure governing motions for summary judgment contained in section 437c of the Code of Civil Procedure. . . . The remedy afforded by this section is broad enough to cover all situations in which speaking motions have been employed, and there is therefore no longer any need for the nonstatutory procedure." The *Pianka* case was decided after section 435, the operative section involved in this appeal, was enacted. In *Lincoln* v. *Didak,* 162 Cal.App.2d 625, 631 [328 P.2d 498], the court suggested that Code of Civil Procedure section 435 constituted a legislative reaffirmance of the pre-*Pianka* cases. However, it is to be noted that the *Pianka* case was decided after and not before the enactment of Code of Civil Procedure section 435. Further, the *Lincoln* case has been criticized (see Chadbourn, Grossman & Van Alstyne, Calif. Pleading, § 1463), and its suggestion appears not to fit with the legislative history of Code of Civil Procedure section 435. (See S.Int.Jud.Com., 3d Prog.Rep. 60; 30 State

Bar J. 29, 34; 28 State Bar. J. 261.) Finally, in *Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P.2d 8], footnote 2, the Supreme Court referred to its holding in the *Pianka* case, saying that: "... the proper way in which a complaint good on its face may be attacked for sham is by motion for summary judgment. We pointed out that this procedure eliminates any need for the nonstatutory practice of a so-called 'speaking motion to dismiss.'" In *State Market of Avenal, Inc.* v. *Superior Court*, 172 Cal.App.2d 517, 519 [342 P.2d 325], the court said: "Since the decision in *Pianka* v. *State*, 46 Cal.2d 208, 211 [293 P.2d 458], the so-called 'speaking motion' which was recognized by our courts, in some instances, prior to the more recent amendments to Code of Civil Procedure section 437c, is not longer a part of California practice. (*Fidelity & Deposit Co.* v. *Claude Fisher Co.*, 161 Cal.App.2d 431, 434 [2] [327 P.2d 78].)" And in *Callahan* v. *Chatsworth Park, Inc.*, 204 Cal.App.2d 597 [22 Cal.Rptr. 606], the trial court treated a motion to strike made under authority of Code of Civil Procedure section 435 as a motion for summary judgment, following the procedure outlined by the Supreme Court in the *Pianka* case, and the appellate court determined the appeal upon the basis of the statutory requirements relating to summary judgment, reversing the trial court's judgment because triable issues of fact were present. ▪ In light of the Supreme Court's directions in the *Pianka* case it seems clear that here the trial court was required to consider respondent Ehrlich's motion to strike as a motion for summary judgment and to decide it upon the basis of the statutory requirements established by Code of Civil Procedure section 437c, as interpreted by decisions of the Supreme Court and District Courts of Appeal.

▪ The rules relating to summary judgment are well defined. Affidavits of the moving party are to be strictly construed. ▪ Generalities and conclusions will not suffice in the moving party's declarations. (*Callahan* v. *Chatsworth Park, Inc., supra*, at p. 602.) ▪ Affidavits in opposition to the motion are liberally construed and need not consist entirely of evidentiary facts, and facts therein stated must be accepted as true. (*Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264].) ▪ Application of these rules to the proceedings here makes it clear that triable issues of fact are present. Appellant's cross-complaint alleges all necessary elements of a cause of action for damages for fraud and deceit. It alleges representations, their falsity,

knowledge of falsity, intent to deceive, reliance and resulting damage. Appellant's affidavit in opposition to respondent's motion makes similar charges. General and exemplary damages are demanded. Although as to general damages, no amount is specified in the cross-complaint, leave of court is requested to insert the actual amount when ascertained. The question, however, is not that an exact amount of damages is not prayed for, but rather that damages are claimed in an amount presently unknown to cross-complainant. Thus the issue of damages is presented, and if it is determined that appellant is entitled to damages there will be an issue as to the amount.

 Whether the allegations of damage are sufficiently certain and specific is to be determined upon demurrer, rather than on the present motion. The allegations of the cross-complaint supported by appellant's affidavit, present triable issues of fact respecting the alleged fraud and deceit, which if determined in appellant's favor will present a further issue as to damages. It is clear, therefore, that respondent Ehrlich's motion, considered as a motion for summary judgment under the provisions of Code of Civil Procedure section 437c should have been denied.

The order is reversed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied December 3, 1963.