[Civ. No. 29025. Second Dist., Div. Four. Jan. 18, 1967.]

MARIA ISABEL NAJERA OETH, Plaintiff and Appellant, v. MARIA NAJERA MASON et al., Defendants and Respondents.

---

*Assigned by the Chairman of the Judicial Council.

Axelrad, Sevilla & Ross and Stanley Sevilla for Plaintiff and Appellant.

Knapp, Gill, Hibbert & Stevens and Wixon Stevens for Defendants and Respondents.

FILES, P. J.—This is an action to enforce two alleged trusts. The trial court made a minute order sustaining defendants' demurrer to the second amended complaint without leave to amend and granting defendants' motion to strike the same pleading, following which the court made its order of dismissal. Plaintiff is appealing from the dismissal. █ The notice of appeal also recites that plaintiff appeals from orders sustaining the demurrer and granting the motion to strike; but such orders are purely interlocutory and not appealable, and the purported appeal therefrom must be dismissed. (*Curnutt* v. *Holk*, 203 Cal.App.2d 6 [21 Cal.Rptr. 224].)

The appeal from the order of dismissal presents two questions:

(1) Was it proper for the trial court to take judicial notice of a prior action between the same parties, which had been dismissed without prejudice?

(2) Does it appear from the face of the pleading and from facts judicially noticed that the action is barred by limitations?

The complaint is divided into six counts, but it is not necessary to discuss each count individually. For the purpose of this opinion it is sufficient to note that the complaint alleges two distinct trusts which must be considered separately.

The pleading includes these allegations: Plaintiff was born out of wedlock on December 26, 1938, the daughter of defendant Maria Najera Mason.[1] When plaintiff was baptized on May 14, 1959, her godfather, Dr. Gregorio Del Amo, made a gift to her of $10,000 in cash. At this time Dr. Del Amo instructed the mother to invest this money in stocks, to be held for plaintiff's benefit. The defendants have invested the funds, and "have wilfully, unnecessarily and fraudulently commingled and misappropriated some or all of the trust funds and property" to an extent not known by plaintiff; and such commingling has occurred within three years prior

---

[1] Maria Najera Mason and her husband are the only defendants who have appeared. Throughout this opinion the former alone will be referred to as "defendant."

to the commencement of this action. For convenience, this property will be referred to as the ''cash trust.''

It is further alleged that on February 5, 1940, Dr. Del Amo delivered 5,000 shares of the stock of Del Amo Estate Company to the Union Bank, to be held pursuant to a formal declaration of trust executed by the bank. This instrument includes the following provisions:

During the trustor's lifetime the income of the trust up to $4,000 per year is to be paid to defendant. After the trustor's death all income is payable to defendant.

When defendant attains the age of 50 all of the principal and undistributed income is to be distributed to her.

If defendant dies prior to distribution of the principal, the distributable income is to be paid to plaintiff until she becomes 25, at which time she is to receive the principal.

The complaint alleges that at the time this trust was created the trustor believed himself to be the father of plaintiff, and he intended by this means to provide for her. It is further alleged that at the time this formal trust was executed, Dr. Del Amo and defendant orally agreed that she would use the income for plaintiff's support until plaintiff reached the age of 25; and that defendant ''would receive the trust principal as trustee for plaintiff and would deliver the same to plaintiff when she attained twenty-five years of age.''

It is also alleged that defendant used the trust income in some amount to support plaintiff until she was 16, but thereafter said defendant has failed to use the income for plaintiff and has used it for her own benefit. The Union Bank still holds the principal, but plaintiff fears that when the bank makes final distribution defendant and her husband will convert it to their own use.

Plaintiff attained the age of 25 on December 26, 1963, and her mother became 50 on February 5, 1964. This action was commenced on January 31, 1964.

The demurrer is based upon the single ground that the complaint and each cause of action fail to state facts sufficient to constitute a cause of action in that the causes of action are barred by the provisions of section 338 of the Code of Civil Procedure. The notice of motion to strike, filed with the demurrer, is based upon the same ground. The notice incorporates an affidavit of one of defendants' attorneys stating in substance: On January 14, 1960, plaintiff filed superior court action 737771 against the same defendants, making the same

claims as in this action. The 1960 case was dismissed under Code of Civil Procedure section 581, subdivision 3, on July 11, 1961, when the case was called for trial and plaintiff failed to appear. In a memorandum of points and authorities filed in support of the demurrer and motion to strike, defendants quoted from the complaint in the 1960 action and asked the court to consider it as proof that plaintiff was not ignorant of the facts alleged on January 14, 1960.

## Judicial Notice

■ It was proper for the trial court to take notice of the 1960 action as requested by defendants. In *Flores* v. *Arroyo,* 56 Cal.2d 492, 496 [15 Cal.Rptr. 87, 364 P.2d 263], the Supreme Court held it was proper, in ruling on a demurrer based upon res judicata, to take judicial notice of a prior judgment in a different case. Contrary statements in some earlier cases were disapproved. Plaintiff argues that the rule of the *Flores* case should be limited to demurrers where the issue is res judicata. We see no good reason for such a distinction. In *Chas. L. Harney, Inc.* v. *State of California,* 217 Cal.App.2d 77, 86-89 [31 Cal.Rptr. 524], the records of the State Board of Control were judicially noticed in aid of a demurrer based upon a statute of limitations. Where facts which are judicially noticed show conclusively that an action is barred, it would be absurd to prolong the litigation so as to await some other method of proof.

The Evidence Code, which became operative January 1, 1967, provides in section 452, subdivision (d), that judicial notice may be taken of the records of any court of this state; and section 459 provides that a reviewing court may take notice of matters referred to in section 452 if the parties have had adequate notice and opportunity to present relevant information. Both under the law which existed at the time the demurrer was heard, and under the new statute, the trial court and this reviewing court may properly consider what is shown by the record of the 1960 case.

■ The 1960 case was terminated by dismissal under Code of Civil Procedure section 581, subdivision 3. Such a dismissal does not determine the merits. (*Campanella* v. *Campanella,* 204 Cal. 515, 520 [269 P. 433].) Nothing was decided as to the truth of the matters alleged. The facts which are shown by the record of the earlier case, which are uncontrovertible, and of which we properly take notice, are that certain claims were asserted by plaintiff and denied by defendant in 1960.

## The Statute of Limitations

■ Preliminarily we note that the fourth count in the complaint alleges that defendant deceived Dr. Del Amo in 1940 by a promise made without intent to perform, and thereby induced Dr. Del Amo to make the trust payable to her instead of to plaintiff. If by this allegation plaintiff sought to state a cause of action for relief on the ground of fraud, it is long since barred by the three-year limitation of Code of Civil Procedure section 338, subdivision 4. Plaintiff has not alleged that the facts were discovered within the immediately preceding three years, and thus cannot rely upon any theory of late discovery. (*Consolidated Reservoir & Power Co.* v. *Scarborough,* 216 Cal. 698 [16 P.2d 271].)

We view this action as one to enforce two voluntary trusts. Plaintiff's allegations concerning the bank trust and defendant's contemporaneous oral agreement state a claim within that category. ■ With respect to the cash gift, the complaint does not set forth any express promise; but the circumstances which are alleged would support the inference that defendant accepted the money as trustee and, by her conduct at that time, agreed to hold it upon the terms expressed by the trustor. There is no allegation that her act of receiving that money was wrongful, or that any misappropriation or conversion occurred at that time.

We are not concerned here with the law applicable to trusts which the law creates as a remedy for fraud or mistake.

■ The causes of action for breaches of express trusts are not subject to the limitations of Code of Civil Procedure section 338, which was the section specified in defendants' demurrer, but may be barred by the four-year "catch-all" limitation of section 343. (*McArthur* v. *Blaisdell,* 159 Cal. 604 [115 P. 52]; see 1 Witkin, Cal. Procedure (1954) Actions, §§ 152-154, pp. 659-662.)

It is unnecessary now to decide whether reference to the wrong section in the demurrer would preclude this court from affirming the dismissal upon the ground that the action is barred by some other statute.[2] ■ For the reasons to be stated hereinafter, we are of the opinion that the action is not

---

[2]Compare *Bank of San Luis Obispo* v. *Wickersham,* 99 Cal. 655, 660 [34 P. 444]; *Zakaessian* v. *Zakaessian,* 70 Cal.App.2d 721, 725 [161 P.2d 677]; and *Turner* v. *Milstein,* 103 Cal.App.2d 651, 659 [230 P.2d 25], with the reasoning of *Bainbridge* v. *Stoner,* 16 Cal.2d 423, 431 [106 P.2d 423]. See 2 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 1264, p. 458; Note, 29 Cal.L.Rev. 210, 215.

barred on the face of the pleading by any applicable period of limitations. Since it is apparent that defendant does not intend to waive the defense of limitations, and since, upon remand, the trial court must face the question of how section 343 applies, we are required to pass upon the issue insofar as it is presented by the record here. (Code Civ. Proc., § 53.)

The rule which applies here is set forth in *Cortelyou* v. *Imperial Land Co.,* 166 Cal. 14 [134 P. 981]. That was an action to recover shares of stock which the issuing company had agreed to hold in trust. The court said (at p. 20) : ''The statute of limitations applying to the case upon this theory is section 343 of the Code of Civil Procedure, fixing four years as the period of limitation for all actions not otherwise provided for in the code. [Citations.] In such cases, the statute of limitations does not begin to run until there has been a known breach of the trust. An express trust of this nature, whether created by writing or implied from the circumstances, is not broken by mere lapse of time; there must be a repudiation of the trust by the trustee. 'The statute begins to run against the trust ''as soon as it is openly disavowed by the trustee insisting upon an adverse right and interest which is clearly and unequivocally made known to the *cestui que trust.*'' ' [Citations.] Mere neglect of the company to issue the certificate, or of Cortelyou to demand or compel such issuance, does not set the statute in motion.''

In *England* v. *Winslow,* 196 Cal. 260, 272 [237 P. 542], the court said : ''The only way in which the trustee of an express or voluntary trust can set the statute of limitations in operation in his favor with respect to it or its properties in his hands is by a distinct act of repudiation amounting to a denial of its existence, and no mere tacit failure of the trustee to perform his duty in respect to such trust could or should be held to amount to a repudiation of it so as to set the statute of limitations in motion in his favor and as a result of his own neglect of duty.''

In the light of the authorities, a demand by the beneficiary is not enough to start the running of the period of limitation. The time runs from the refusal. (See *Schroeder* v. *Jahns,* 27 Cal. 274, 280-281.)

Examining the facts alleged and judicially noticed with respect to the cash trust we find this : There is no allegation by the plaintiff that defendant has repudiated the trust. Breaches of this trust are alleged to have been committed within three years prior to the commencement of the action.

The complaint filed in the earlier action on January 14, 1960, shows that on that date plaintiff was complaining of the failure of the defendants to account to her upon her 21st birthday, which was on December 26, 1959. But failure to account is not necessarily repudiation, as the *England* case points out. Thus, even if we were to assume the truth of the 1960 allegation as binding against plaintiff, it would not establish a date for the commencement of a period of limitations.

The answer filed by defendants in the earlier case on February 3, 1960, does contain an unequivocal repudiation in the form of a denial that any such trust was created. But this denial was made within four years prior to the commencement of the present action, and if there was no earlier repudiation this action is timely.

 With respect to the bank trust, the complaint alleges that, as far back as 1956, defendant misapplied the income which she received in trust from the Union Bank. The January 14, 1960, complaint contains the additional allegation that defendant ''now denies'' the oral agreement with Dr. Del Amo that the proceeds of the bank trust were to be used for plaintiff. If we were to assume the truth of that 1960 allegation,[3] as establishing a repudiation of defendant's duties under the formal trust in 1960, it would not justify dismissal of this action.

 Plaintiff alleges that defendant promised that when she received the principal from the bank she would deliver it to plaintiff. The time for the performance of that duty had not yet arrived when this action was filed. Defendant cannot accelerate the period of limitations by declaring in advance that she will not perform when the time comes. The law is settled that when a contract is repudiated before the time fixed for performance, the promisee may, but need not, regard the anticipatory repudiation as a final breach. If she does not so elect, she may properly wait until the time performance is due before regarding the contract as broken.

[3] To prevent sham pleading a rule has developed that where a prior complaint contains allegations which make the case fatally defective, the defect cannot be cured by omitting such allegations without some proper explanation. (See, e.g., *Crowley* v. *Modern Faucet Mfg. Co.*, 44 Cal.2d 321, 324 [282 P.2d 33] (subsequent action dismissed as sham); *Fisher* v. *MacInness*, 191 Cal.App.2d 577, 580 [12 Cal.Rptr. 798] (demurrer to amended complaint sustained without leave after considering admission in superseded complaint).) But defendants here have never charged plaintiff with sham pleading and she has not been called upon to explain the omission.

**814**

(*Brewer* v. *Simpson*, 53 Cal.2d 567, 593 [2 Cal.Rptr. 609, 349 P.2d 289].) That rule is applicable here.

So far as appears from the face of the complaint and the records which have been judicially noticed, the statute of limitations does not bar a recovery under each of the two trusts which are alleged to exist, nor does it bar a declaration of rights with respect to assets presently held by the bank.

The appeal from the orders sustaining the demurrer and granting the motion to strike is dismissed. The order of dismissal is reversed.

Jefferson, J., and Kingsley, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 15, 1967. Traynor, C. J., and McComb, J., were of the opinion that the petition should be granted.