[Civ. No. 25570. First Dist., Div. One. Dec. 9, 1969.]

WILLIAM MULLER; Plaintiff and Appellant, v.
SYDNEY H. TANNER, Defendant and Respondent.

**440**

## COUNSEL

William Muller, in pro. per., for Plaintiff and Appellant.

Sydney N. Tanner, in pro. per., for Defendant and Respondent.

## OPINION

**SIMS, J.**—Plaintiff has purported to appeal from a minute order entitled "Order Striking File From Court Records and Directing That No Further Proceedings Be Had." ██ The order, which is set forth below, operated to remove any cause of action which plaintiff had alleged against defendant, and left no issues to be determined between the parties. Although the order was designated as a minute entry, it is in the form of a written order signed by the court and filed in the action. It is, therefore, treated as a judgment of dismissal and as appealable under the law in effect at the time the appeal was taken. (See, Code Civ. Proc., § 581d[1] and former § 963 [cf. present § 904.1, subd. (a)]. Cf. *Wilson* v. *Sharp* (1954) 42 Cal.2d 675, 677 [268 P.2d 1062]; *Adohr Milk Farms, Inc.* v. *Love* (1967) 255 Cal.App.2d 366, 370 [63 Cal.Rptr. 123]; *Lerner* v. *Ehrlich* (1963) 222 Cal.App.2d 168, 170-171 [35 Cal.Rptr. 106] [cross-complaint]; *American Can Co.* v. *City & County of San Francisco* (1962) 202 Cal.App.2d 520, 522 [21 Cal.Rptr. 33]; *Himmel* v. *City Council* (1959) 169 Cal.App.2d 97, 98, fn. [336 P.2d 996]; and *Witczak* v. *Johnson* (1956) 146 Cal.App.2d 599, 601-602 [303 P.2d 1091], with *Oeth* v. *Mason* (1967) 247 Cal.App.2d 805, 810 [56 Cal.Rptr. 69], and *Sproul* v. *Cuddy* (1953) 121 Cal.App.2d 197, 201 [263 P.2d 92].)

A review of the record reveals that the trial court properly evoked its inherent power to dismiss an action which was shown to be sham, fictitious

---

[1]Section 581d provides: "A written dismissal of an action shall be entered in the clerk's register or in the docket in the justice court, as the case may be, and is effective for all purposes when so entered.

"All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action or in the docket in the justice court, as the case may be, and such orders when so filed shall constitute judgments and be effective for all purposes, and the clerk in superior and municipal courts shall note such judgments in his register of actions in the case."

and without merit in order to prevent abuse of the judicial process. The judgment must be affirmed.

The allegations of the complaint in this action (superior court No. 583, 232) are identical with those of the complaint filed in a prior action (superior court No. 580,749). In this action, the complaint bears the card of, and is signed by, an attorney at law, whereas in the former action the plaintiff appeared "in suo jure." The complaint was filed on September 15, 1967, following the entry in the prior action of a minute order (August 7, 1967), and the filing (August 28, 1967) of a signed order determining that plaintiff was a vexatious litigant and ordering him to furnish $5,000 security (see Code Civ. Proc., § 391, et seq., particularly § 391.3), and immediately succeeding the denial (September 14, 1969) of plaintiff's motions to vacate and set aside those orders. The proceedings in the prior action have been reviewed on plaintiff's appeal from a judgment of dismissal filed in that action on February 20, 1968.[2] Reference is hereby made to the opinion filed this day in those proceedings (1 Civ. 25984, *post* p. 445) for further details.

In this action the defendant demurred on the ground "That there is another action pending between the same parties for the same cause." (Code Civ. Proc., § 430, subd. (3).) The declaration filed by the defendant directed the court's attention to the prior action and the use of identical allegations in both complaints.[3] At the hearing on the demurrer on January 30, 1968, prior to the dismissal of the prior action, the court according to the minutes, originally "Ordered defendant's Demurrer sustained without leave to Amend on the grounds said complaint fails to state a cause of

---

[2]A third action (1 Civ. 25584 — superior court No. 583451), unrelated to this appeal (1 Civ. 25570 — superior court No. 583232) or the appeal referred to above (1 Civ. 25984 — superior court No. 580749) except because of identity of parties, was originally perfected .in this division on April 17, 1968. Thereafter, this appeal, perfected April 19, 1968, was on plaintifl's motion consolidated for hearing with the earlier appeal and transferred to this division. The third appeal (1 Civ. 25984) was also transferred after the record had been filed on August 28, 1968 in another division. The appeals were lodged in inverse order to the filing of the actions in the superior court.

[3]At the time the demurrer was filed (October 16, 1967) section 430 of the Code of Civil Procedure did not contain the language added in 1968 (Stats. 1968, ch. 307, § 1, p. 667) which reads as emphasized: "The defendant may demur to the complaint within the time required in the summons to answer, when it appears upon the face thereof, *or from any matter of which the court must or may take judicial notice. . . .*" Nevertheless, the court, when requested to do so (see, Evid. Code, § 453), could properly take judicial notice of its own records. (Code Civ. Proc., former § 433 [Stats. 1965, ch. 299, § 19, p. 1358; cf. Stats. 1968, ch. 307, § 3, p. 667]; Evid Code, § 452, subd. (d); *Flores* v. *Arroyo* (1961) 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263]; *Oeth* v. *Mason* (1967) 247 Cal.App.2d 805, 810 [56 Cal.Rptr. 69]; and *Colvig* v. *RKO General, Inc.* (1965) 232 Cal.App.2d 56, 63-64 [42 Cal.Rptr. 473].)

action." The record continues: "(N.B.–the above minute entry was vacated on same day and the following minute entry substituted)." There follows a written order, with title of court and cause, bearing a file mark of January 30, 1968, and the signature of the judge. This order, entitled, "Order Striking File From Court Records and Directing That No Further Proceedings Be Had" reads as follows: "It appearing from the Court's records, namely, from Action # 580749 entitled WILLIAM MULLER V. SYDNEY N. TANNER; that an order was duly given and made by the Honorable Robert J. Drewes and filed therein on August 28, 1967 and entered in Volume 218, Page 8, of Official Records, declaring plaintiff William Muller a vexatious litigant and requiring said plaintiff William Muller to deposit security in the amount of $5,000 pursuant to the provisions of Section 391.6 of the Code of Civil Procedure, and it further appearing thereafter, to wit, on September 15, 1967, said William Muller filed this action against the same party, to wit, Sydney N. Tanner, and it further appearing that the allegations of the Complaint in this action are identical with the allegations made in Action # 580749 in which said William Muller has heretofore been declared a vexatious litigant as hereinabove set forth, and it further appearing from the files in the above mentioned actions that the filing of the Complaint in Action # 583232 was done for the purpose of evading the Order declaring said William Muller a vexatious litigant. IT IS THEREFORE ORDERED that the file in action # 583,132 be and it is hereby stricken from the records of this court, and IT IS FURTHER ORDERED that there be no further proceedings of any kind taken in connection with said action."

The relief granted exceeded that to which defendant was entitled under his demurrer.[4] The question of the propriety of the court's order depends

---

[4]"The only relief to which a litigant is entitled upon the plea, by either demurrer or answer, that a prior action between the same parties is pending and undetermined is the judgment specified by section 597, Code of Civil Procedure, that the second action abate. The order, if based upon that plea, was therefore erroneous and if none of the other grounds of demurrer justifies the ruling, it was an abuse of discretion to withhold leave to amend." (*Lord* v. *Garland* (1946) 27 Cal.2d 840, 851 [168 P.2d 5]. See also, *Colvig* v. *RKO General, Inc.* (1965) 232 Cal.App.2d 56, 71 [42 Cal.Rptr. 473]; *Karp* v. *Dunn* (1964) 229 Cal.App.2d 192, 195 [40 Cal.Rptr. 96]; *Merchants Fire Assur. Corp.* v. *Retail Credit Co., Inc.* (1962) 206 Cal.App.2d 55, 63 [23 Cal.Rptr. 544]; and *Hagan* v. *Fairfield* (1961) 194 Cal.App.2d 240, 247 [16 Cal.Rptr. 14].) In this sense the word abate is used in the sense of a stay of proceedings to await the determination of the prior action on the merits. (See, *Lord* v. *Garland, supra,* 27 Cal.2d at p. 851; and *Muller* v. *Muller* (1960) 179 Cal.App.2d 815, 818 [4 Cal.Rptr. 419]. *Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891, 894-897 [151 P.2d 846]; and see *Simmons* v. *Superior Court* (1950) 96 Cal.App.2d 119, 122-125 [214 P.2d 844, 19 A.L.R.2d 288].) There was no final judgment in the prior suit at the time the judgment was ordered in this action. In any event, it is questionable whether the judgment subsequently entered in the prior suit could be construed as a judgment on the merits which would furnish an absolute bar to a subsequent action. (See *Lord* v. *Garland, supra,* 27 Cal.2d 840, 850; and *Oeth* v. *Mason* (1967) 247 Cal.App.2d 805, 810 [56 Cal.Rptr. 69].)

on the extent of the inherent power of a court to control the proceedings before it.

■ "It has long been recognized in this state that a court has inherent power to dismiss an action when it is shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. . . . ■ It is likewise well settled that facts warranting the dismissal of an action for the reasons hereinbefore stated may be made to appear by affidavit . . . as well as by the record of prior judicial proceedings. [Citations omitted.]"[5] (*Lincoln* v. *Didak* (1958) 162 Cal.App.2d 625, 629-630 [328 P.2d 498].) The exercise of this power has been upheld upon showing that plaintiff has no cause of action against those whom he would charge (see, *American Can Co.* v. *City & County of San Francisco* (1962) 202 Cal.App.2d 520, 527 [21 Cal.Rptr. 33]; *Lincoln* v. *Didak, supra,* 162 Cal.App.2d 625, 629; and *Helvey* v. *Security-First Nat. Bank* (1950) 99 Cal.App.2d 149, 151 [221 P.2d 257]), upon a showing that the matters alleged in a subsequent suit have been determined adversely to the plaintiff in a prior action (see *Crowley* v. *Modern Faucet Mfg. Co.* (1955) 44 Cal.2d 321, 324-325 [282 P.2d 33]; and *McKenna* v. *Elliott & Horne Co.* (1953) 118 Cal.App.2d 551, 554-555 [258 P.2d 528]), and in the same action where plaintiff seeks to proceed on a complaint which in form is similar to one which already has been successfully attacked by demurrer (see, *Wilson* v. *Shea* (1924) 194 Cal. 653, 659-660 [229 P. 945]; *Himmel* v. *City Council, supra,* 169 Cal.App.2d 97, 101; *Tostevin* v. *Douglas* (1958) 160 Cal.App.2d 321, 330-331 [325 P.2d 130]; *Taliaferro* v. *Prettner* (1955) 135 Cal.App.2d 157, 160-161 [286 P.2d 977]; *Neal* v. *Bank of America* (1949) 93 Cal.App.2d 678, 682-683 [209 P.2d 825]; and *Cunha* v. *Anglo-California Nat. Bank* (1939) 34 Cal.App.2d 383, 388-389 [93 P.2d 572]; but cf. *Witczak* v. *Johnson* (1956) 146 Cal.App.2d 599, 601-602 [303 P.2d 1091]).

■ When the defendant filed his motion under the vexatious litigant statute in the prior proceedings it served to stay all proceedings in that action. (Code Civ. Proc., § 391.6.) When the court in that action determined that plaintiff was a vexatious litigant and ordered him to furnish security, that action became subject to dismissal upon plaintiff's failure to furnish the security. (Code Civ. Proc., § 391.4.) To permit plaintiff to evade

[5]The issue raised by the court in the prior case, and the powers exercised by the court on its motion in this case are distinguishable from, and do not involve the question of whether a motion under section 435 of the Code of Civil Procedure should be treated as a motion under section 437c of that code when factual issues are raised. (See *Lerner* v. *Ehrlich* (1963) 222 Cal.App.2d 168, 171-172 [35 Cal.Rptr. 106]; and cf. *Pianka* v. *State of California* (1956) 46 Cal.2d 208, 211-212 [293 P.2d 458]; and *Callahan* v. *Chatsworth Park, Inc.* (1962) 204 Cal.App.2d 597, 599 [22 Cal.Rptr. 606], with *Lincoln* v. *Didak* (1958) 162 Cal.App.2d 625, 630-631 [328 P.2d 498].)

the foregoing consequences by filing a second suit on the same cause of action would be to encourage the vexatious litigation which the statute was designed to prevent. The filing of the second suit is an abuse of the process of the court. The trial court properly exercised its powers to prevent such abuse in ordering that the action be stricken from the records of the court, and that no further proceedings be taken in it.

The plaintiff has not raised any contention which would defeat this exercise of the trial court's inherent power. On appeal he echoes the arguments against the validity of the vexatious litigant provisions which have been considered and disposed of in the opinion filed this day in the companion action (1 Civ. 25984, *post* p. 445). ■ The fact that plaintiff secured an attorney to lend his name to the subsequently filed complaint avails him naught. The provisions of the vexatious litigant statute, which the court acted to protect in this action, do not preclude a stay or dismissal because an attorney is used in the action in which the motion is made. (See, Code Civ. Proc., § 391, subds. (a) and (b) and § 391.1; and Comment, *The Vexatious Litigant* (1966) 54 Cal.L.Rev. 1769, 1782, fn. 58.) Therefore, the use of an attorney in this case should not deprive the court of the power to protect itself from abuse of the judicial process.

■ The plaintiff was deprived of no substantial right by the order which in effect dismissed his second action. He was free to pursue the first suit upon the terms prescribed by the court, or, as he did, suffer a dismissal to be entered against him and appeal the court's ruling which determined he was a vexatious litigant in that action. The fact that the prior action was ultimately dismissed does not affect the court's order in these proceedings. The order here is not an abatement or stay which should be dissolved in the event of a dismissal of the prior proceeding on grounds unrelated to the merits. (See, *Lord* v. *Garland* (1946) 27 Cal.2d 840, 851 [168 P.2d 5]; *Karp* v. *Dunn* (1964) 229 Cal.App.2d 192, 195 [40 Cal.Rptr. 96], and fn. 4, *ante*.) It is an order in aid of the court's inherent power to control its jurisdiction, and presumably would have been equally valid if made after the judgment dismissing the prior action.

The judgment (order) appealed from is affirmed.

Molinari, P. J., and Elkington, J., concurred.