[Civ. No. 20110.  First Dist., Div. One.  Oct. 1, 1963.]

EUGENE A. TALIAFERRO, Plaintiff and Appellant, v. DOROTHY DAVIS, Defendant and Respondent.

Eugene A. Taliaferro, in pro. per., for Plaintiff and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from an order striking as to Dorothy Davis the amended complaint.

## RECORD.

Plaintiff has failed to bring before this court the original complaint.[1] Before us is a minute order of April 25, 1960, which discloses that the demurrer to the complaint of Bankline Oil Co., Ltd., was sustained and its motion to strike portions of the complaint was granted, plaintiff being allowed to amend his complaint. An amended complaint was then filed bringing in Dorothy Davis as a defendant. Thereupon she moved to have the amended complaint insofar as it attempted to add her as a party defendant, stricken, on the ground that it was filed without previous authority. The court granted the motion and ordered the amended complaint stricken, "it appearing that said amended complaint is not in fact an amended complaint, but is the addition of new causes of action, and it further appearing that said amended complaint was filed without leave of court as provided by section 473 of the Code of Civil Procedure."

In his briefs plaintiff does not state that Dorothy Davis was a party in the original complaint, but cagily states in his closing brief, "The appellant *has not admitted* that Dorothy Davis was not originally a party to the action and the record does not disclose such to be the case." (Italics added.) It is plaintiff's duty to present a record from which this court may determine whether the trial court's order was erroneous; otherwise we must accept the order as made. *(Guardianship of Blair* (1958) 163 Cal.App.2d 319, 323 [328 P.2d 986].) Plaintiff has failed to do this insofar as any contention, if such he makes, that Dorothy Davis was a party to the original complaint.

Plaintiff contends that the order granting him permission to amend his complaint made upon the sustaining of the Bankline demurrer, authorized him to bring in Dorothy Davis as an additional party. This is a non sequitur and incorrect. The amendment permitted applied only to the cause of action against Bankline. See *Schaefer* v. *Berinstein*

---

[1]This is another proceeding in the long-continued vendetta between plaintiff and his former wife Dorothy Davis, in which plaintiff attempts to relitigate all the issues formerly litigated, regardless of the relevancy in the particular action, and of the fact of the previous final determinations of the issues, and in which plaintiff appeals from practically every order of the trial court, whether appealable or non-appealable. The order complained of here is appealable.

(1956) 140 Cal.App.2d 278 [295 P.2d 113], where demurrers of certain defendants were sustained to the second amended complaint with leave to amend. In amending the plaintiff designated all the defendants named in the prior complaints and joined two new defendants, without an order permitting such joinder (just as plaintiff in our case joined Dorothy Davis without an order permitting the joinder). In holding that the trial court properly granted the motion of the two new defendants, the reviewing court stated: ''Leave of court is required under section 473 of the Code of Civil Procedure to add new parties defendant. [Citations.]'' (P. 299.)

Plaintiff contends that he is entitled to amend his complaint once as of course, and that in bringing Dorothy Davis in as a party he was merely exercising this right, unhampered by the fact that there had been a ''trial on the issue of law'' on Bankline's demurrer. Section 472, Code of Civil Procedure, states, in pertinent part, ''Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed ... or after demurrer and before the trial of the issue of law thereon. ...'' However, the right to amend ''of course'' does not permit the bringing in of new parties. Section 472, Code of Civil Procedure, is the one providing for amendments ''of course.'' It is section 473 which deals with adding the names of new parties and requires the express permission of the court. ''The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding ... the name of any party. ...''

Inasmuch as the trial court was correct in striking the amended complaint because of plaintiff's attempt, without permission of court, to add Dorothy Davis as a party defendant, it is unnecessary to consider plaintiff's contention that the court's additional determination that the amended complaint set up new causes of action was improper because not included in the grounds stated in the notice of motion to strike.

Order affirmed.

Sullivan, J., and Molinari, J., concurred.