[Civ. No. 21175. First Dist., Div. Two. Aug. 17, 1964.]

PHILIP KARP et al., Plaintiffs and Appellants, v. BEATRICE DUNN, Individually and as Administratrix With the Will Annexed, etc., et al., Defendants and Respondents.

[Civ. No. 21270. First Dist., Div. Two. Aug. 17, 1964.]

PHILIP KARP et al., Plaintiffs and Appellants, v. CALIFORNIA RECONVEYANCE COMPANY, as Trustee, etc., et al., Defendants and Respondents.

(Consolidated Cases.)

Molinari, Casalnuovo & Berger and Joseph L. Casalnuovo for Plaintiffs and Appellants.

William Steinberg, in pro. per., Barbagelata, Zief & Carmazzi and Clyde C. Sherwood for Defendants and Respondents in No. 21175.

Peart, Baraty & Hassard, Joseph S. Rogers, Richard H. Peterson, Roger J. Nichols, Arthur L. Hillman, Jr., Fred Leuenberger and Henry J. Broderick for Defendants and Respondents in No. 21270.

AGEE, J.—Plaintiffs filed the complaint herein on July 2, 1962. Twelve of the defendants appeared by demurrer. Each

of the demurrers was sustained without leave to amend. Plaintiffs appeal from the judgments thereupon entered. This action will be referred to either as the ''second action'' or ''instant action.''

In an earlier action, filed on January 16, 1961, plaintiffs had named Beatrice Dunn and Max Dunn, her husband, as two of the defendants. Max died thereafter and Beatrice was substituted for him as administratrix. The Dunns' demurrer to plaintiffs' third amended complaint in that action was sustained without leave to amend. On April 17, 1962, plaintiffs appealed from the judgment thereupon entered (1 Civ. No. 20948).* This action will be referred to as the ''first action.''

In the second action Beatrice Dunn, individually and as administratrix, was also named as a defendant. Her demurrer to the complaint was sustained upon the ground of ''another action pending between the same parties for the same cause.'' (Code Civ. Proc., § 430, subd. 3.) The first action was not referred to in the complaint in the second action but the court took judicial notice thereof. (Code Civ. Proc., § 433.)

The other 11 defendants-respondents herein had not been named, either as fictitious defendants or otherwise, in any of the pleadings in the first action up to and including the third amended complaint.

■ After plaintiffs had filed their appeal from the Dunn judgment in the first action, they filed a *fourth* amended complaint in which Dunn was included as a defendant. This pleading is a nullity as to her because plaintiffs' appeal from said judgment ''stays all further proceedings in the court below upon the judgment or order appealed from, or upon matters embraced therein, . . .'' (Code Civ. Proc., §§ 946, 949).

■ Furthermore, plaintiffs had no right to file such an amended pleading as to Dunn without first obtaining leave of court to do so. Section 472 of the Code of Civil Procedure provides that ''Any pleading may be amended once by the party of course . . . at any time . . . after demurrer and before the trial of the issue of law thereon, . . .'' Here the fourth amended complaint came *after* Dunn's demurrer to the third amended complaint had been ruled upon and sustained without leave to amend.

■ The fourth amended complaint in the first action is also a nullity as to the other 11 respondents in the instant action. They were included in that pleading as entirely new parties. Plaintiffs do not even attempt to identify them as

---

*Our decision therein (*ante,* p. 186 [40 Cal.Rptr. 93]) orders that appellants be granted leave to amend said third amended complaint.

fictitious defendants. "Leave of court is required under section 473 of the Code of Civil Procedure to add new parties defendant. [Citations.]" (*Schaefer* v. *Berinstein,* 140 Cal. App.2d 278, 299 [295 P.2d 113]; *Taliaferro* v. *Davis,* 220 Cal.App.2d 793 [34 Cal.Rptr. 120].)

Moreover, appellants have filed written dismissals of the first action as to all of these 11 respondents. Such dismissals made before any trial of the second action, completely dispose of the plea of another action pending as to said respondents. (*Collins* v. *Ramish,* 182 Cal. 360, 366 [188 P. 550]; *Hall* v. *Citizens Nat. Trust & Sav. Bank,* 53 Cal.App.2d 625, 631 [128 P.2d 545].)

We come now to a consideration of the sustaining of the Dunn demurrer in the instant action upon the ground of "another action pending between the same parties for the same cause." (Code Civ. Proc., § 430, subd. 3.)

The pendency of the first action and the sameness of the parties in both actions are not in dispute. However, appellants contend that the causes of action and the issues in the two actions are not the same.

A comparison of the allegations pertaining to Dunn in the third amended complaint in the first action (see our opinion in 1 Civ. No. 20948, *ante,* p. 186 [40 Cal.Rptr. 93]) with the allegations as to Dunn in the complaint in the second action show that appellants are asserting substantially the same issues and causes of action against Dunn in both actions. (*City of San Marino* v. *Roman Catholic Archbishop,* 180 Cal. App.2d 657, 679 [4 Cal.Rptr. 547]; *Trickey* v. *City of Long Beach,* 101 Cal.App.2d 871, 881 [226 P.2d 694].) We think that the lower court properly sustained the demurrer upon the ground stated.

However, the instant action should not be terminated at the present time as to Dunn but should only be abated until the issues in the first action have been finally determined. (*Lord* v. *Garland,* 27 Cal.2d 840, 851 [168 P.2d 5]; *Hagan* v. *Fairfield,* 194 Cal.App.2d 240, 247 [16 Cal.Rptr. 14]; *Agnew* v. *Cronin,* 148 Cal.App.2d 117, 130 [306 P.2d 527].)

Such a disposition achieves a result which is just as to appellants since, as we have noted, our decision in appeal No. 20948 allows them to amend said third amended complaint as against Dunn in such respects as may be meet and proper.

Appellants expressly waive the requirement of section 472d of the Code of Civil Procedure that "Whenever a demurrer . . . is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon

which the decision or order is based . . . ." They state that they "are willing to abide by the oral pronouncement of the Court that the basis for sustaining the demurrer was 'Another Action Pending.' "

At the time of this "pronouncement" only counsel for appellants and counsel for respondents Dunn and five of the other respondents were present. The only demurrers expressly referred to at that time were those of these parties. The record does not disclose the basis of the ruling on the demurrers of the remaining six respondents. It is, of course, probably the same as that stated in the "oral pronouncement."

As we have seen, the first action cannot be considered as "another action pending" against any of the respondents except Dunn.

This being so, the sustaining of the demurrers of the respondents other than Dunn cannot be upheld upon the ground of "another action pending." If the lower court's ruling is based upon any other ground, it was, in our opinion, an abuse of discretion not to allow appellants an opportunity to amend. (*Guilliams* v. *Hollywood Hospital,* 18 Cal.2d 97, 104 [114 P.2d 1]; *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 718-720 [128 P.2d 522, 141 A.L.R. 1358].)

The judgments as to the respondents other than Dunn are reversed and the lower court is directed to consider and rule upon their demurrers in the light of our decision herein; that, if such demurrers, or any of them, are sustained, said court is directed to state "the specific ground or grounds upon which the decision or order is based." (Code Civ. Proc., § 472d.)

The judgment as to respondent Dunn, individually and as said administratrix, is reversed with directions to the lower court to order that the instant action and all proceedings therein be stayed as to her until the final determination of the first action as to said respondent or until the further order of court. (*Lord* v. *Garland, supra*; *Hagan* v. *Fairfield, supra*; *Agnew* v. *Cronin, supra.*)

Sound reasoning supports appellants' suggestion that the two actions be consolidated for trial when and if the pleadings therein are at issue. (See *Wulfjen* v. *Dolton,* 24 Cal.2d 891, 894-895 [151 P.2d 846].) However, this is not a matter before us on this appeal.

Shoemaker, P. J., and Taylor, J., concurred.