[No. A031504. First Dist., Div. Three. May 14, 1986.]

RYAN KATHRYN GROSS, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
DEPARTMENT OF TRANSPORTATION, Defendant and Respondent.

[redacted]

**COUNSEL**

Patrick G. Grattan, Geary, Shea & O'Donnell and Harry A. Allen for Plaintiffs and Appellants.

Gordon S. Baca, Joseph A. Montoya, Robert J. DeFea, Kenneth G. Nellis and J. Dennis Sullivan for Defendant and Respondent.

**OPINION**

**SCOTT, Acting P. J.**—The issue here is whether a complaint may be amended to add new parties without leave of court before any defendant

has filed an answer or demurrer. We conclude that Code of Civil Procedure section 472[1] authorizes one such amendment as a matter of course without leave of court and that section 473, which requires permission to amend under certain circumstances, is inapplicable.

## I

In August 1981, appellants Ryan Kathryn Gross, a minor, by her guardian ad litem Dennis M. Ryan, and Dennis M. Ryan, as an individual, filed a complaint against several defendants for the wrongful death of Kathryn Gross, Ryan's mother. The action arose out of a multiple-car collision which occurred near the intersection of U.S. Highway 101 and State Route 17. The complaint did not name respondent Department of Transportation as a defendant.

In October and November 1981, appellants presented respondent with a tort claim pursuant to the Tort Claims Act, Government Code section 810 et seq., alleging defective design of the highway merging area where the accident occurred. In October 1982, respondent Department of Transportation denied appellants' claim and informed appellants of their right to file suit within six months thereafter. Approximately one month later, on November 23, 1982, appellants filed a first amended complaint, adding respondent as a defendant and a cause of action for negligent highway design against respondent.

As of the date of filing of the first amended complaint, none of the defendants named in the initial complaint had been served with process, nor had any of those defendants entered an appearance. In July of 1984, initial service of the first amended complaint was made upon all of the defendants, including respondent Department of Transportation. Several of the defendants subsequently answered the complaint.

In January 1985, respondent filed a motion to strike the complaint insofar as it attempted to name the Department of Transportation as a defendant. The motion to strike was granted, and the court entered judgment dismissing the action as to respondent.

## II

The court granted the motion to strike on the ground that section 473, as construed in *Taliaferro* v. *Davis* (1963) 220 Cal.App.2d 793 [34 Cal.Rptr.

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

120], required appellants to obtain leave of court prior to amending the complaint by adding respondent as a party.

Appellants contend that the court erred because when they amended their complaint, none of the named parties had been served and no responsive pleadings had been filed. Accordingly, appellants argue that they were entitled as a matter of course, pursuant to section 472, to amend their complaint without obtaining leave of court. We agree.

### A

Section 472 provides in pertinent part that "[a]ny pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon . . . ." "This section states the right to amend at the outset, for a limited period, *without leave of court.*" (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1119, p. 536.) In general, an amendment may correct *any part* of the pleading. (*Id.,* § 1108, p. 526.) "Thus[,] . . . [t]he parties may be changed or new parties brought in." (*Ibid.*)

Section 472, by its terms, expressly applies to amendments made to the pleadings before the filing of responsive pleadings. Section 472 does not limit what types of amendments may be made of course and without leave of court. The only limitations expressed in section 472 are that the amendment be made before the answer or demurrer is filed, or after the demurrer but before it is heard. We must agree with appellants when they observe that "[i]t therefore follows that under § 472 *any* part of the pleading may be changed, without leave, *including the addition of a new party.*"

Section 472 expressly applies to the facts of the present case. At the time appellants filed their first amended complaint, no answer or demurrer had been filed by any party. Thus, we conclude that appellants were entitled, as a matter of course, to amend their complaint once by adding respondent as a defendant. The trial court erred, therefore, in granting the motion to strike.

### B

Respondent argues that a long line of cases, commencing with *Schaefer v. Berinstein* (1956) 140 Cal.App.2d 278 [295 P.2d 113], have uniformly held that leave of court is required under section 473 to add new parties to an action. Respondent cites a number of cases which it claims have adopted

this approach, requiring leave to amend when adding new parties. However, a reading of these cases reveals that in each case section 472 would have been inapplicable. In *Phoenix of Hartford Ins. Companies* v. *Colony Kitchens* (1976) 57 Cal.App.3d 140 [128 Cal.Rptr. 893], an order which granted leave to amend after judgment on the pleadings did not authorize amendment by adding a new party. (*Id.*, at pp. 144-147.) In *Fifth & Broadway Partnership* v. *Kimny, Inc.* (1980) 102 Cal.App.3d 195 [162 Cal.Rptr. 271, 7 A.L.R.4th 580], the motion to add a new defendant was made in mid-trial. (*Id.*, at pp. 198-199.) In *Nissan* v. *Barton* (1970) 4 Cal.App.3d 76 [84 Cal.Rptr. 36], demurrers were sustained to an original and a first amended complaint; a second and then a third amended complaint were filed before an individual was served for the first time as a Doe defendant. (*Id.*, at pp. 77-79.) In *Karp* v. *Dunn* (1964) 229 Cal.App.2d 192 [40 Cal.Rptr. 96], plaintiff attempted to add new defendants after a ruling on a demurrer to the third amended complaint. (*Id.*, at p. 194.) *Schaefer* v. *Berinstein, supra,* 140 Cal.App.2d 278, involved an attempt to add new parties to a third amended complaint. (*Id.*, at p. 299.) The present case is easily distinguished as no responsive pleadings had been filed when appellants filed their first amended complaint.

Respondent points to the following language in *Taliaferro* v. *Davis, supra,* 220 Cal.App.2d at page 795: "[t]he right to amend 'of course' does not permit the bringing in of new parties. Section 472, Code of Civil Procedure, is the one providing for amendments 'of course.' It is section 473 which deals with adding the names of new parties and requires the express permission of the court." Relying on that language, respondent contends that the court properly applied section 473 in granting the motion to strike. Appellants respond by arguing that *Taliaferro* has no application to the facts of the present case. They further contend that the *Taliaferro* language holding section 473 to be controlling with respect to all amendments adding parties is merely dictum.

It is necessary to read the language of an opinion in light of its facts and the issues raised, in order to determine which statements of law were necessary to the decision and which were dictum. (*Achen* v. *Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 124-125 [233 P.2d 74].) The question in *Taliaferro* was whether a plaintiff could amend a complaint by adding a new party without leave of court after the sustaining of a demurrer. The appellate court rejected plaintiff's reliance on section 472, and held that permission to amend was required; therefore the complaint was properly stricken. Given the facts at issue, the court's reason for rejecting section 472 was ill-considered dictum. Section 472 was inapplicable on its face because a demurrer had been filed and sustained, and section 473 was unquestionably the controlling section.

## C

■ Respondent argues that, in view of the rules applicable to statutory construction, sections 472 and 473 must be read together, and that the specific requirement in section 473 to obtain leave of court to add new parties prevails over the more general language of section 472. Our reading of sections 472 and 473, in light of well-established principles of statutory construction, leads us to the opposite conclusion.

As respondent points out, it is a well-established principle of statutory construction that a "'statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.'" (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352]; *Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590 [116 Cal.Rptr. 376, 526 P.2d 528].) Furthermore, specific sections of a code take precedence over more general ones notwithstanding that the general one, standing alone, would be broad enough to include that to which the more particular one relates. (§ 1859; *Estate of Kramme* (1978) 20 Cal.3d 567, 576 [143 Cal.Rptr. 542, 573 P.2d 1369]; *County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 189 [323 P.2d 753].) When these basic tenets are applied to sections 472 and 473, we conclude that section 472 takes precedence over section 473.

Section 472, by its express terms, is applicable "at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon . . . ." Amendments made *prior* to the filing of a responsive pleading are explicitly included within the scope of section 472. Section 473, on the other hand, contains no similar limitation. In pertinent part, section 473 merely provides that "[t]he court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . . ." Reading these two sections together, section 472 is clearly the narrower, more specific provision. We accordingly conclude that section 472 takes precedence over section 473 in *all* instances where a plaintiff seeks to amend his or her complaint once prior to the filing of an answer or demurrer.

■ Respondent further argues that the application of section 473 to all amendments which seek to add new parties serves an important function as "an amended complaint which adds a new defendant will usually state a new cause of action as to him, and . . . should not be allowed by the trial court if the statute of limitations has run." While we fully agree that new

parties should not be pled into a case when the statute of limitations has run, the aggrieved party's proper procedural remedy in that situation is to demur on statute of limitations grounds. We accordingly find respondent's argument unpersuasive.

The judgment is reversed. The cause is remanded with directions to deny respondent's motion to strike.

Barry-Deal, J., and Merrill, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 23, 1986.