Filed 6/4/13  Schwenn v. Riverside Co. Dept. of Animal Services CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| MARY BERNADETTE SCHWENN, | |
| Plaintiff and Appellant, | E053200 |
| v. | (Super.Ct.No. INC091022) |
| RIVERSIDE COUNTY DEPARTMENT OF ANIMAL SERVICES et al., | **OPINION** |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge.

Affirmed in part and reversed with directions.

Mary Bernadette Schwenn, in pro. per., for Plaintiff and Appellant.

Law Offices of Middlebrook, Kaiser, Hengesbach & Dawson, Michael R. Kaiser

and Nicole R. Cieslinski for Defendants and Respondents.

1

On October 29, 2010, plaintiff and appellant Mary Bernadette Schwenn filed a third amended complaint against Riverside County Department of Animal Services (the County) and eight individual animal control officers[1] employed by the County.

On December 8, 2010, defendants filed a demurrer to the third amended complaint. On January 20, 2011, the trial court sustained the demurrer without leave to amend. Plaintiff appeals from the ensuing judgment.[2]

I

STANDARD OF REVIEW

A demurrer is used to test the sufficiency of the factual allegations of the complaint to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).)[3] The facts pled are assumed to be true, and the only issue is whether they are legally sufficient to state a cause of action. "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.]

---

[1] Defendants and respondents in this appeal are County, Betsy Ritchie (Ritchie), Luis Rosa (Rosa), Jason Salazar (Salazar), Hector Palafox (Palafox), and Lisa Boughamer (Boughamer).

[2] The judgment is in favor of the County, Ritchie, Rosa, Salazar, Palafox, and Boughamer. (See judg. filed 5/3/11 in Super. Ct.) Our order filed July 28, 2011, indicates the other three defendants, Robert Miller (Miller), James Huffman (Huffman), and Eric Espejo (Espejo), will not be considered respondents in this appeal. No judgment has been entered as to those defendants. Consequently, Schwenn's request to include Miller, Huffman, and Espejo as respondents in this appeal is denied.

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Our standard of review is de novo: "Treating as true all material facts properly pleaded, we determine de novo whether the factual allegations of the complaint are adequate to state a cause of action under any legal theory, regardless of the title under which the factual basis for relief is stated. [Citation.]" (*Burns v. Neiman Marcus Group, Inc.* (2009) 173 Cal.App.4th 479, 486.)

II

THE THIRD AMENDED COMPLAINT

The subject complaint alleges: "This litigation concerns three incidents involving employees of Riverside County's Department of Animal Services ("**RCDAS**"): (a) Initially this matter concerned Plaintiff's puppy Meadowlark who was stolen from the Property on November 3, 2009. When Plaintiff attempted to redeem Meadowlark from [Coachella Valley Animal Campus], Defendant Rosa refused to allow the redemption because Plaintiff had no proof of ownership even though there is no such requirement under state or local law. This lawsuit ensued. Plaintiff recovered

3

Meadowlark in May 2010 through a Court order and payment of fees. (b) On April 25, 2010, Palafox, a RCDAS employee, took seven (7) one-week-old puppies from the Property. Plaintiff was unable to redeem these puppies because they were destroyed by RCDAS in less than 48 hours in direct violation of the mandatory four business day holding period imposed by state law. (c) On March 4, 2008, Huffman, a RCDAS employee took three (3) puppies from the Property. Plaintiff was unable to redeem these puppies because RCDAS employees demanded excessive redemption fees, including fees that were not statutorily permitted under state or county law."

The general allegations also describe entries onto the property by defendants in 2007, 2008, at least six occasions in 2009, and two occasions in 2010, all "without the consent or authority of a warrant, exigent circumstances, probable cause or implied consent and against the will of the Plaintiff."[4]

The third amended complaint alleges eight causes of action.

The first cause of action is for fraud. It alleges that Huffman, Espejo, and Ritchie entered plaintiff's property on November 30, 2007, and illegally took two wolf hybrid females and five puppies. It is further alleged that Ritchie falsely stated the amount of impound fees for the animals and demanded more than what is authorized by Riverside County Ordinance No. 630.10. It also alleged that Ritchie knew the representations were false and intended to defraud and deceive Plaintiff. Plaintiff relied on the representations.

---

[4]    The property is defined as Schwenn's property in the community of Indio Hills, including a right-of-way known as Fan Hill Road.

4

Other representations by Ritchie in 2008 were also alleged to be false and known to be false. Plaintiff relied on the cost-to-redeem representations in deciding not to redeem the animals. Upon further inquiry, Miller also made knowing misrepresentations as to various fees with the intent to defraud plaintiff. It was alleged that "[b]oth Ritchie and Miller acted with actual malice and fraudulently in making the representations . . . ." Plaitniff alleged that, as a result of the fraud and deceit, she was damaged in the sum of $70,200.

Similar false misrepresentations by Rosa and Ritchie in 2009 were also alleged. Finally, it was alleged that Palafox took seven puppies from the property in 2010 and that the puppies were destroyed in violation of several statutes. In connection with this incident, several more misrepresentations by Ritchie were alleged. Damages were sought for the loss of the puppies in the sum of $163,800.

The second cause of action was for conversion. It alleged that Huffman took three puppies from the property on March 4, 2008, and Ritchie and Palafox took seven puppies from the property on April 25, 2010. It further alleged that Ritchie intentionally destroyed the seven puppies in violation of various statutes. Damages were sought for the loss of the puppies in the amount of $163,800.

The third cause of action was for invasion of plaintiff's privacy. It alleged that the individual defendants repeatedly entered plaintiff's property without warrant, consent, or

exigent circumstances.[5]  Damages were sought in the sum of $75,000, plus $150,000 for failure to properly train the employees.

The fourth cause of action was for trespass.  Monetary damages were sought for each alleged act of trespass.

The fifth cause of action was for due process violations.  Under this heading, plaintiff alleged that the taking of her puppies was the result of an illegal search and seizure and was a taking of her property without a hearing.  Although we agree with the trial court that the claim as stated is uncertain, it was apparently intended to be a claim pursuant to section 1983 of title 42 of the United States Code, in addition to the stated grounds.

The sixth cause of action was for inverse condemnation.  Plaintiff alleged that she was an owner of a possessory interest in a private easement across her property known as Fan Hill Road.  By using the road for their continuing trespasses, it was alleged that defendants took the easement for public use.  Damages were sought in the sum of $100,000.

The seventh cause of action was for injunctive relief.  Under this heading, plaintiff sought an injunction against defendants' alleged illegal conduct.  The proposed injunction

---

[5]     "There is no unlawful search and seizure unless the appellant had a reasonable expectation of privacy and that expectation was violated by an unreasonable governmental intrusion.  [Citations.]"  (*Cowing v. City of Torrance* (1976) 60 Cal.App.3d 757, 762; cf. *Conway v. Pasadena Humane Society* (1996) 45 Cal.App.4th 163.)

6

would prohibit defendants from entering the road without an inspection warrant and would require defendants to hold a hearing when animals are impounded.

The eighth cause of action was for intentional and negligent infliction of emotional distress. Plaintiff alleged that the conduct of defendants was intentional and outrageous and caused her severe emotional distress.

Finally, plaintiff alleged that the County was liable for the actions of its employees under Government Code sections 815.2, subdivision (a) and 820.

The complaint was accompanied by points and authorities and exhibits.

## III

## THE DEMURRER

On December 8, 2010, defendants filed a demurrer to the third amended complaint. The demurrer alleged that the complaint and each cause of action failed to state facts sufficient to state a cause of action and that each cause of action was uncertain.

The accompanying memorandum of points and authorities generally argued that (1) the complaint was vague and ambiguous; (2) defendant animal control officers were statutorily immune for their discretionary actions; (3) some causes of action were barred by the statute of limitations; and (4) individual causes of action were uncertain and did not state facts sufficient to state a cause of action.

## IV

## THE TRIAL COURT'S DECISION

On January 20, 2011, a hearing was held on the demurrer. The trial court sustained the demurrer on the following grounds:

The first cause of action, for fraud, was held to be vague as to the alleged actual malice. It was sustained without leave to amend.

The second cause of action, for conversion, was held to be vague and failed to state a cause of action. It was also held to be time-barred.

The third cause of action, for trespass, and the fourth cause of action, for invasion of privacy, were held to be time-barred.

The fifth cause of action, for civil rights violations, was held to be vague and uncertain.

The sixth cause of action, for inverse condemnation, did not state a cause of action.

The seventh cause of action, for injunctive relief, did not state a cause of action.

The eighth cause of action, for emotional distress, was held to be time-barred. No statutory authority for the cause of action was alleged.

In finding certain causes of action "time-barred," the trial court did not differentiate between the general statute of limitations applicable to each cause of action and defendants' argument that plaintiff failed to file a claim within the period provided by the Tort Claims Act. (Gov. Code, § 900 et seq.) We discuss both possible alternatives, *post*.

V

AMENDMENT OF COMPLAINTS

At the beginning of the January 20, 2011 hearing, the trial court stated that it had read all four complaints filed in the case "and in my opinion, you have not complied with

8

the Court order. This case started out regarding one dog, Meadowlark, and now it expands into several dogs. It's not even remotely close to the original Complaint that was filed in this case. I've given you several chances to file an amended Complaint, and I think that you are taking advantage of the Court. . . . You've expanded it way beyond . . . the original Complaint that was filed in this action." However, this expansion of the case was not stated as a reason for sustaining the demurrer.

Nevertheless, plaintiff first argues that the trial court was incorrect. She points out that section 472 provides that a complaint may be amended once without court approval. "Section 472 does not limit what types of amendments may be made of course and without leave of court." (*Gross v. Department of Transportation* (1986) 180 Cal.App.3d 1102, 1105.) After that, the court may allow amendments at its discretion. (§ 473, subd. (a)(1); *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761.) Amendments are generally allowed upon "any terms as may be just." (§ 473, subd. (a)(1).) But, no such terms, conditions, or restrictions are in our record.

The original complaint was precipitated by the seizure of plaintiff's dog Meadowlark. It attempted to allege four causes of action: (1) taking of property without due process or compensation; (2) inverse condemnation; (3) malicious and fraudulent actions by defendants; and (4) injunctive relief.[6]

Plaintiff filed her first amended complaint on February 23, 2010. In that complaint, she alleged seven causes of action: intentional misrepresentation; negligent

---

[6] Ruling was reserved on three requests for judicial notice filed May 3, June 28, and July 26, 2012. The three requests for judicial notice are granted.

9

misrepresentation; intentional infliction of emotional distress; negligent infliction of emotional distress; conversion; trespass; and inverse condemnation. She also sought injunctive and declaratory relief.

In support of the trial court's decision, defendants argue that the new allegations in the third amended complaint far exceed the scope of plaintiff's original complaint. They cite *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018 (Fourth Dist., Div. Two). In that case, this court summarized the applicable rules: "Following an order sustaining a demurrer . . . with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order. [Citation.] The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Id*. at p. 1023.)

We cannot resolve this dispute here because we do not have a transcript of the prior demurrer hearing, and we are not directed to a copy of the order sustaining the demurrer to the second amended complaint in our record. The superior court's register of actions only states the demurrer was sustained with leave to amend. No terms or conditions are mentioned.

Although plaintiff concedes that she added two allegedly related causes of action in her third amended complaint (invasion of privacy and a federal civil rights violation under 42 U.S.C. § 1983), added three new defendants, and specified an additional trespass date, the basic facts underlying the third amended complaint are not substantially different from the second amended complaint.

10

Absent a record of the trial court's ruling when it sustained the demurrer to the second amended complaint and granted leave to amend, we cannot determine whether the new causes of action were within the scope of the order granting leave to amend or not. In the absence of evidence that the trial court exercised its discretion to impose conditions upon the amended pleadings, we cannot assume there were such conditions or that plaintiff violated them.[7] (§ 472a, subd. (c).)

Nor can we determine why the trial court felt it was being taken advantage of by the amendment, particularly when plaintiff was entitled to amend her original complaint without leave of the court. But, in any event, the trial court did not base its decision on this ground, and the differences between the two amended complaints are essentially irrelevant here.

## VI

## DEFENDANTS' ATTACK ON THE THIRD AMENDED COMPLAINT

As noted, *ante*, the demurrer alleged that the third amended complaint and each of the alleged causes of action failed to state a cause of action and were uncertain.

A general demurrer can be based on grounds that the pleading or an individual cause of action does not state facts sufficient to constitute a cause of action. (§ 430.10, subd. (e).) It may also be based on uncertainty, which is defined to include ambiguous and unintelligible. (§ 430.10, subd. (f).)

---

[7] See discussion in part XI, *post*.

11

"A demurrer shall distinctly specify the grounds upon which any of the objections to the complaint . . . are taken. Unless it does so, it may be disregarded." (§ 430.60.)

"Each ground of demurrer must be in a separate paragraph and must state whether it applies to the entire complaint . . . or to specified causes of action or defenses." (Cal. Rules of Court, rule 3.1320(a).)

In this case, defendants do not assert that plaintiff has failed to allege facts to support one or more elements of each cause of action. Instead, they use the demurrer to argue that the complaint shows, on its face, that it and/or individual causes of action are barred by specific defenses.

This use of a demurrer is proper when the appropriate grounds are stated in the demurrer. A demurrer may attack the complaint by showing that defenses to the complaint or individual causes of action are established by the allegations in the complaint, in exhibits, or by judicially noticeable material. Here, the alleged defense of statute of limitations, including failure to comply with the Tort Claims Act and statutory immunities, could have been raised by demurrer if shown on the face of the complaint or by matters judicially noticed. But those things were not mentioned in the demurrer.

"It is established that a demurrer which merely states that the cause of action set forth in the complaint is on its face barred by the statute of limitations is sufficient to raise that defense." (*Williams v. International Longshoremen's & Warehousemen's Union* (1959) 172 Cal.App.2d 84, 87.) But here, the demurrer did not include *any* allegation raising this defense and was, therefore, insufficient.

The memorandum of points and authorities accompanying the demurrer did present an argument that some causes of action were barred by the statute of limitations or statutory immunities.

As noted, *ante*, the trial court agreed that the second alleged cause of action (conversion), the third cause of action (invasion of privacy), the fourth cause of action (trespass), and the eighth cause of action (emotional distress) were time-barred. It is not clear whether the trial court found that those causes of action were time barred under the general statute of limitations or under the claims presentation provision of the Tort Claims Act. The trial court did not decide any immunity issues.

Since the statute of limitations and other defenses were not stated grounds of the demurrer, the trial court would have been within its discretion in overruling the demurrer on this ground alone. Since the statute of limitations issue was raised in the memorandum of points and authorities, and could have been the basis of the trial court's decision, we will briefly discuss the issue even though plaintiff did not discuss it in her response to the demurrer.

VII

STATUTE OF LIMITATIONS DEFENSE

The alleged conversion cause of action in the third amended complaint alleges that the conversion (taking of three of plaintiff's puppies) occurred between March 4 and May 2008. The statute of limitations for conversion is three years. (§ 338, subd. (c).) It therefore expired in March 2011. Since the third amended complaint was filed on October 29, 2010, the cause of action was filed within the statutory limitations period.

13

The alleged trespass cause of action in the third amended complaint alleges continuing trespasses from November 2007 through 2010. The statute of limitations for trespass is three years. (§ 338, subd. (b).) Since the third amended complaint was filed on October 29, 2010, this cause of action was also within the statutory period.[8]

The trial court merely found the entire cause of action time-barred without differentiating between the different alleged trespasses. However, the complaint does not show on its face that all of the various alleged trespasses are barred by the general statute of limitations. In addition, since continuing trespasses are alleged, legal and factual issues are presented that cannot be resolved on demurrer.

The cause of action for invasion of privacy is based on California Constitution, article I, section 13, which proscribes illegal searches and seizures.[9] Although it is uncertain, it appears from the incorporated paragraphs that the warrantless intrusions were continuing. Any statute of limitations issue cannot be determined from the face of the complaint.

The cause of action for intentional infliction of emotional distress merely refers to the preceding allegations of the complaint and does not specify specific acts on specific dates. However, the limitations period for the cause of action for alleged intentional

---

[8]      Defendants argue that the causes of action were not timely filed under the periods stated in the Tort Claims Act. (See § VIII, *post*.)

[9]      As noted, *ante*, we agree with the trial court that the cause of action is uncertain. It appears to conflate the Fifth Amendment to the federal Constitution with California Constitution, article 1, section 19, and title 42 United States Code section 1983.

14

infliction of emotional distress is two years.  (§ 335.1; *Huntly v. Zurich General A. & L. Ins. Co.* (1929) 100 Cal.App. 201, 206, 212.)

Considering the foregoing, we note that resolution of a statute of limitations issue is normally a question of fact.  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 810-811, 813-814 [discovery rule postpones accrual of the statute of limitations].)  On demurrer, the facts are not developed, and we must consider the factual allegations of the complaint to be true.  "In order for the bar of the statute of limitations to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred.  [Citation.]" (*Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403.)

We conclude that the alleged violations of the general statute of limitations do not clearly appear on the face of the complaint.  In finding the second, third, fourth, and eighth causes of action to be time-barred, the trial court erred if it was referring to the general statute of limitations.

VIII

ALLEGED FAILURE TO FILE A CLAIM UNDER THE TORT CLAIMS ACT

The Tort Claims Act generally requires a person who seeks money or damages from state or local public entities to first file a claim.  (Gov. Code, §§ 905, 905.2.) Depending on the nature of the claim, it must usually be filed within six months or one year of the accrual of the cause of action.  (Gov. Code, § 911.2.)  The date of accrual is "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations . . . ."  (Gov. Code, § 901.)

15

Litigation may be filed after a claim is rejected, either directly or by operation of law. (Gov. Code, §§ 912.4, 913, 945.4.) Since the complaint here alleges rejection of the claims by operation of law, plaintiff had two years from the date of accrual of the cause of action to file suit. (Gov. Code, § 945.6, subd. (b).)

As noted, *ante*, the trial court found that the alleged causes of action for conversion, trespass, invasion of privacy, and emotional distress were time-barred. Since, as discussed, *ante*, these causes of action did not clearly violate the general statute of limitations, the trial court apparently accepted defendants' argument that these causes of action are barred by the six-month period stated in Government Code section 911.2.

On appeal, defendants renew their argument that plaintiff did not submit her claim within six months, as required by Government Code section 911.2. Defendants therefore conclude that the fraud, conversion, trespass, invasion of privacy, and emotional distress causes of action are time-barred.[10]

In her third amended complaint, plaintiff states that she filed four tort claims with the County in 2008 and one in 2010. One of the claims is alleged to relate to the seizure of Meadowlark, the precipitating cause of the original complaint, and the remaining four claims relate to the seizure and destruction of puppies in 2007 and 2008. Allegations concerning these events are found throughout the general allegations, the causes of action for fraud, conversion, and the due process cause of action.

---

[10] A cause of action for civil right violations under title 42 United States Code section 1983 is not subject to the Tort Claims Act requirements. (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 245, pp. 327-328, and cases cited.)

16

The claims cannot be tied to the various causes of action alleged in the third amended complaint. It therefore cannot be determined whether all or part of the challenged causes of action are barred. In other words, it is not clear from the face of the complaint that plaintiff failed to comply with the Tort Claims Act as to any particular claim.[11]

Defendants' argument also does not consider the accrual rule, and there are legal and factual issues arising from plaintiff's allegations that the trespasses to her property were continuing trespasses. Because of these issues, disposition on demurrer is inappropriate because we cannot say that any fatal defects are clearly shown on the face of the complaint.

Accordingly, even though neither the statute of limitations nor the Tort Claims Act were mentioned in the demurrer or the trial court's decision, we conclude that the trial court erred in its findings that the complaint showed on its face that the conversion, invasion of privacy, trespass, and emotional distress causes of action were time barred under the general statute of limitations or the claims filing provisions of the Tort Claims Act.

---

[11] As discussed in part XI, *post*, plaintiff has a viable argument that she was not required to file a claim under the Tort Claims Act for her conversion claim and possibly other claims.

17

IX

## STATUTORY IMMUNITY DEFENSE

The statutory immunity defense was also not specified as a ground of demurrer. On appeal, defendants contend they are statutorily immune.

The County is "not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (Gov. Code, § 815, subd. (a).) The effect of this statute is to eliminate common law liability for torts and to require that liability be based on a statute. (See Legis. Com. com., 32 pt. 1 West's Ann. Gov. Code (2012 ed.) foll. § 815, pp. 215-216.)

Government Code section 815.2, subdivision (a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." In addition to this derivative liability under Government Code section 815.2, the public entity may be directly liable for failure to perform a mandatory duty under section 815.6. This issue is well discussed in *Bradford v. State of California* (1973) 36 Cal.App.3d 16.

With this foundation, defendants rely on Government Code section 821.8: "A public employee is not liable for an injury arising out of his entry upon any property where such entry is expressly or impliedly authorized by law. Nothing in this section exonerates a public employee from liability for an injury proximately caused by his own negligent or wrongful act or omission."

18

Defendants then cite Riverside County Ordinance No. 630, section 9: "Unless otherwise prohibited by law, all persons whose duty it is to enforce the provisions of this Ord. are hereby empowered to enter upon private property, where any dog, cat, or animal is kept or reasonably believed to be kept, for the purpose of ascertaining whether such animal is being kept in violation of any provision of this Ord., other ordinance governing animals, or California State law relating to the regulation, care and/or keeping of animals."

Defendants therefore argue, based on this ordinance, that any entry they made onto plaintiff's property was authorized, and "this authorized entry cannot provide a basis for a cause of action in trespass."

However, defendants also cite the next paragraph of Riverside County Ordinance No. 630, section 9: "Notwithstanding any provision in this Ordinance relating to entry upon private property for any purpose under this Ordinance, no such entry may be conducted: (a) without the express or implied consent of the property owner or the person having lawful possession thereof, or (b) unless an inspection warrant has been issued and the entry is conducted in accordance with California Code of Civil Procedure, Sections 1822.50 through 1822.56, inclusive, or (c) except as may otherwise be expressly or impliedly permitted by law." Sections 1822.50 through 1822.56 deal with the requirement to obtain an inspection warrant, which was apparently never done here.[12]

---

[12]    The complaint alleges that plaintiff was told by Rosa that it was "too much trouble to get" an inspection warrant. It also alleges that no inspection warrant was ever obtained before inspecting plaintiff's property.

19

Although defendants argue that the entries were permitted because they were "'expressly or impliedly permitted by law,'" the argument obviously raises factual issues. (Gov. Code, § 821.8.) If an inspection warrant is required for entry on private property, it cannot be said that the animal control officers had the authority or right to enter plaintiff's property at any time, as she alleges in the third amended complaint.

In any event, these arguments and the resolution of factual issues are appropriate for trial and are not resolvable upon a demurrer.

Another factual issue is presented by defendants' argument that they are statutorily immune from liability from destroying plaintiff's puppies under Food & Agriculture Code section 17006. That section allows euthanasia of newborn animals impounded without their mothers. However, this argument ignores plaintiff's contentions that the puppies were not within this definition because they were not newborns.[13] There are obvious factual issues presented by defendants' argument, but they are not resolvable on demurrer.

Another significant factual issue is presented here by the parties' disagreement about the legal status of Fan Hill Road. The complaint alleges that this road runs across plaintiff's property, is a private right-of-way, and is posted with "'No Trespassing'" signs. Accepting the truth of this allegation, it appears that the individual defendants had no right to trespass on the property and use the property as if it were a public road.

---

[13] Food and Agriculture Code section 17005 sets forth the policies for euthanasia. It defines adoptable animals as being eight weeks or older. Plaintiff also cites Food and Agriculture Code section 17006, relating to holding periods for impounded animals and required attempts to allow the owner to redeem the animals.

Plaintiff lives in a very rural area. The complaint alleges that the nearest public road is one mile away from the nearest public road easement, and the nearest neighbors are more than two miles away. Although it is not clear, plaintiff seems to argue that defendants consider the private right-of-way as a public road, thus allowing impounding of dogs found loose on the road. Apparently, defendants also used the road to observe plaintiff's property in an attempt to justify their entry upon her property.

Accordingly, there is a significant factual issue as to the ownership of the easement and the right of the animal control officers to use it. Because of this issue, it is not apparent from the face of the complaint whether the animal control officers acted in accordance with Riverside County Ordinance No. 630, section 9 or not. As disucssed in part XI, *post*, even though the inverse condemnation cause of action fails, the legal and factual issues concerning Fan Hill Road are the foundational basis of the alleged trespass cause of aciton, and they are subsumed in that cause of action.

X

DEMURRER FOR UNCERTAINTY

"A demurrer for uncertainty is strictly construed, even where a complaint is in some respects uncertain, because ambiguities can be clarified under modern discovery procedures. [Citations.]" (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 616.) This is particularly true when the facts that are alleged to be uncertain are presumptively within the knowledge of defendants, as they are here: "A demurrer for uncertainty will not lie where the ambiguous facts alleged are presumptively within the knowledge of the demurring party. [Citations.] A special demurrer should not be

21

sustained if the allegations are sufficiently clear to apprise the defendant of the issues that must be met, even if the allegations of the complaint may not be as clear and as detailed as might be desired. [Citation.] Moreover, a demurrer for uncertainty will not lie as to even uncertain and ambiguous allegations, if such allegations refer to immaterial matters. In such event, they will be treated as surplusage and disregarded. [Citations.]" (*Merlino v. West Coast Macaroni Mfg. Co.* (1949) 90 Cal.App.2d 106, 108.)

In other words, "under our liberal pleading rules, where the complaint contains substantive factual allegations sufficiently apprising defendant of the issues it is being asked to meet, a demurrer for uncertainty should be overruled or plaintiff given leave to amend." (*Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 139, fn. 2.) Thus, although portions of plaintiff's complaint are uncertain, she should have been given the opportunity to amend the complaint to meet defendants' claims of uncertainty.

In this regard, we note that a defendant demurring on the grounds of uncertainty should "specify exactly how or *why* the pleading is uncertain." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 7:88, p. 7(I)-40 (rev. # 1, 2011).) Defendants' points and authorities state that the entire third amended complaint is vague and ambiguous because "[n]one of these causes of actions alleged have any resemblance to the initial complaint that was filed almost one year ago. The Third Amended Complaint begs the question, what is this litigation really about and questioning the veracity of the allegations altogether."

Of course, the demurrer is not the place to challenge the veracity of the allegations because we assume, for purposes of demurrer, that the allegations are true. It is equally

22

obvious that plaintiff was entitled to amend the original complaint under section 472. It doesn't matter that the gravamen of the original complaint changed and broadened in the first amended complaint.

Section 430.60 requires specificity in a demurrer. "Although respondents' demurrer was premised on the grounds of uncertainty, the accompanying points and authorities failed to specify in what particulars the complaint was uncertain. Generally, the failure to specify the uncertain aspects of a complaint will defeat a demurrer based on the grounds of uncertainty. [Citations.]" (*Fenton v. Groveland Community Services Dist.* (1982) 135 Cal.App.3d 797, 809, overruled on other grounds by *Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 328, fn. 30.)

XI

THE COUNTY'S ORAL ARGUMENT

At oral argument, the County repeated many of the arguments in its brief and advanced some previously unbriefed arguments.

The County argued that various causes of action were defective in the charging allegations and that the defects cannot be corrected by allowing further amendment of the complaint. It also argued that various causes of action were fatally defective for failure to comply with the Tort Claims Act and that its employee defendants are statutorily immune from the alleged causes of action.

A.    *The Trial Court's Decision on the Second Amended Complaint.*

The common thread throughout the County's argument is that the plaintiff violated the directions the trial court gave when it sustained the County's demurrer to the *second*

23

amended complaint. The County contended that the trial court, in its ruling on the second amended complaint, placed general and specific restrictions on plaintiff's ability to amend the complaint further. The general restriction was allegedly an admonition to narrow down the allegations made, rather than adding new causes of action. The County argued that plaintiff ignored or violated those restrictions in drafting the third amended complaint and therefore does not deserve another chance to amend the complaint further.

However, as discussed in part V, *ante*, no such general or specific restrictions are in our record. The minute order on the trial court's decision on the County's demurrer to the *second* amended complaint merely states "Demurrer . . . sustained. 30 days Leave to Amend." The County did not designate the trial court's decision on the *second* amended complaint, or the reporter's transcript of the September 16, 2010, hearing, when designating the record for this appeal of the trial court's decision on the *third* amended complaint.

While counsel asked leave to submit a document regarding the trial court's decision on the second amended complaint, her request was denied during the oral argument. Accordingly, counsel's argument on this point is without support in the record. In addition, the argument was not raised in the County's brief, and appellant has not had the opportunity to brief the issue.

We therefore reject the County's argument that the trial court, in ruling on the second amended complaint, advised plaintiff to narrow the focus of the complaint and that she failed to do so.

24

B.    *The Fraud Allegations of the Second Amended Complaint.*

The County argued that there were fatal defects in the alleged first cause of action for fraud.  It argued that the fraud cause of action was defective because it failed to allege malice and it lacked specificity.

Although the trial court did not find that the first cause of action was time barred, the County's brief also argues that the fraud cause of action is time barred under the Tort Claims Act and that its employees are statutorily immune from liability under that Act.

Under the Tort Claims Act, it is generally true that a public entity is not liable for the act or omission of a public employee unless there is a statutory basis for liability. (Gov. Code, § 815, subd. (a).)  It is also generally true that a public entity is not generally liable for misrepresentations by a public employee.  (Gov. Code, § § 815.2; 818.8.) However, under Government Code section 822.2, a public employee is liable for misrepresentation if he is guilty of actual fraud, corruption, or actual malice.[14]  As discussed in part IX, *ante*, the public entity may be derivatively liable for the acts of its employees under Government Code section 815.2 or directly liable for failure to perform a mandatory duty.  It simply does not appear from the face of the complaint that the County or the public employee defendants are statutorily immune under the Tort Claims Act.

---

[14]    As discussed below, there is also a viable argument that the Tort Claims Act does not apply to plaintiff's conversion claims, and possibly does not apply to other claims.

The misrepresentation allegations of the third amended complaint are eight pages long.  Fraud, misrepresentations, and actual malice are specifically alleged.  Since the allegations of the complaint are taken as true on demurrer, we reject the County's argument that actual malice was not pled and the argument that the fraud allegations lacked specificity.  The issue simply cannot be determined on demurrer, and the County would be better advised to attack the complaint factually at a later date.

In *Schonfeld v. City of Vallejo* (1975) 50 Cal.App.3d 401[15] the court said, "[W]e hold that the immunity afforded by Government Code section 822.2 applies unless, in addition to the essentials of common law deceit, a public employee is motivated by corruption or actual malice, i.e., a conscious intent to deceive, vex, annoy or harm the injured party in his business." (*Schonfeld*, at p. 410, fn. omitted.)  There were sufficient allegations of malicious misrepresentations in the third amended complaint to support the fraud cause of action.

C.    *The Emotional Distress Cause of Action.*

The County next argued that recovery under the Tort Claims Act requires a statutory basis and that plaintiff failed to allege a statutory basis for the emotional distress causes of action.

The issue presented by this argument is whether such an allegation is required.  The answer depends on the applicability of the Tort Claims Act to the emotional distress claims.

---

[15]    Overruled on other grounds in *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743.

26

Government Code section 810.8 defines "injury" to mean "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, *feelings* or estate, of such nature that it would be actionable if inflicted by a private person." (Italics added.) Thus, it is at least possible that emotional distress damages could be awarded if other torts, especially misrepresentation, can be proven. As the County stated in its brief, "[i]ntentional infliction of emotional distress . . . must be based upon contract, tort or some other conduct for which Appellant has an independent cause of action against Respondents." For example, in *Abarca v. Merck & Co,* 2012 U.S.Dist. LEXIS 57370, the court said, "Given the lack of examples of awards of emotional distress damages in one-time, unintentional nuisance cases, it is entirely possible that the jury will not find emotional distress damages appropriate in the present case. It is not, however, appropriate for this Court to hold that emotional distress damages are not available as a matter of law. Defendants have failed to meet their burden of demonstrating that they are entitled, as a matter of law, to summary judgment on Plaintiffs' emotional distress damages stemming from their nuisance claims." (*Id*. at pp. *23-*24.) The same is true in the evaluation of the demurrer in this case.

D.      *The Trespass Cause of Action.*

In part VIII, *ante*, we described our inability to relate specific alleged instances of trespass to the tort claims that were filed. At argument, the County attempted to do so and concluded that all trespass claims were barred by the failure to file a timely claim, with the exception of the April 25, 2010, incident. The conceded existence of a viable trespass claim supports the trespass cause of action.

27

The County attempted to defeat this conclusion by arguing that the trespass claim was barred for other reasons. Counsel argued that there was no trespass, and no conversion of the puppies, because animal control officers were *authorized* to go on the property at any time to observe the health and safety animals of the animals. But, as discussed in part IX, *ante*, the animal control officers were *required* to obtain an inspection warrant before entering the property for these reasons, and it is alleged that they never did so. (Riv. County Ord. No. 630, § 9.)[16] Of course, we are required to accept this contention as true. Under the Torts Claim Act, public employees are not liable for entry on property where the entry is expressly authorized by law. (Gov. Code, § 821.8.) The converse is also true: the public employees are liable when the entry results from the employee's own negligent act or omission, and such wrongful entry is alleged here.

The County also argued that the seizure of the puppies without an inspection warrant and their subsequent euthanasia were authorized by Farm and Agriculture Code sections 17005 and 17006. As also noted in part IX, these contentions raise factual issues that cannot be decided as a matter of law.

In her briefing, plaintiff argued that the Tort Claims Act was not applicable to her cause of action for conversion (seizure of the puppies) because animal control was a

---

**16**     This failure to obtain an inspection warrant, and to notify plaintiff that an inspection would occur, appears to be at the heart of the controversy between the parties. Since an inspection warrant is clearly required, the animal control officers would be well advised to obtain one whenever they wish to inspect plaintiff's animals.

28

bailee, and an action for return of the animals or commensurate compensation was not a "suit for money or damages" under Government Code section 945.4.

Government Code section 945.4 defines when a claim must be presented under the Tort Claims Act. Plaintiff cites *Long v. City of Los Angeles* (1998) 68 Cal.App.4th 782.

In that case, the city seized 525 birds from the plaintiff but, under court order, returned only some of them. The plaintiff sought money damages for the birds that were not returned. (*Id*. at p. 784.) The city brought a summary judgment motion, arguing that the plaintiff failed to file a claim under the Tort Claims Act. (*Id*. at p. 785.) The appellate court disagreed, holding that "where confiscated property is lost and cannot be returned due to the government's own negligence, the government may not benefit from its own wrongdoing by contending that the resulting action, necessarily limited to monetary damages, is subject to the Government Tort Claims Act." (*Long v. City of Los Angeles*, *supra*, 68 Cal,App.4th at p. 786.) The court relied on the Supreme Court cases of *Holt v. Kelly* (1978) 20 Cal.3d 560 and *Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113. Although it is not necessary to analyze the issue further, we conclude that the facts here might well support a conclusion that the claim filing requirement of the Tort Claims Act is inapplicable to the causes of action seeking compensation for the puppies taken and immediately euthanized.

E. *The Inverse Condemnation Cause of Action.*

As to the sixth cause of action, for inverse condemnation, we agree with the trial court that plaintiff alleges insufficient facts to show a taking of real property within the

29

meaning of the eminent domain law. The acts complained of are subsumed within the trespass cause of action and may be alleged and considered under that cause of action.

The factual issues regarding ownership of Fan Hill Road should also be regarded as foundational to the trespass cause of action and should be eventually heard and decided in connection with that cause of action. As discussed in part IX, *ante*, if Fan Hill Road is not a public road, is part of plaintiff's real property, and is only used by plaintiff in accordance with her easement over the property, the animal control officers have no right to be on the private property without obtaining an inspection warrant.

F.     *Due Process and Civil Rights Causes of Action.*

The County argued that these causes of action failed to contain allegations that plaintiff exhausted her administrative remedies by failing to request a hearing. Plaintiff replied that there were no available hearing procedures when her puppies were seized by animal control officers: "They just take them." and they then stonewalled her efforts to recover the puppies. Again, as discussed in part IX, the legal and factual issues inherent in these arguments should not and cannot be resolved on demurrer. Any such defects are not shown on the face of the complaint.

G. *The Injunctive Relief Cause of Action*.

The County argued that this cause of action is moot because the other causes of action fail. Since we have found other causes of action are viable, it is the County's premise that fails.

However, injunctive relief is essentially a remedy, and the elements of injunctive relief as a cause of action, essentially inadequacy of the remedy at law, have not been

30

pled. (See generally 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § § 822-823, pp. 238-240.) We will therefore sustain the demurrer to this cause of action. However, plaintiff may still request injunctive relief as a remedy for trespass and other causes of action that are subsequently found to be viable.

H.     *Uncertainty*.

As noted at the beginning of this opinion, the issue is whether there is a reasonable possibility that the defects in the complaint can be cured by amendment. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) While we find that there is such a reasonable probability in this case, we do agree that, because of the numerous factual issues discussed above, the filing of further demurrers based on uncertainty would not be a useful procedural tool. Further discovery may clarify or eliminate factual questions and may provide the basis for a summary judgment motion. On the other hand, plaintiff is encouraged to respond to the questions of uncertainty by pleading the facts she relies on in greater detail. For example, although plaintiff devotes many paragraphs to discussing the alleged failure of defendants to follow their own statutes and rules, primarily Riverside County Ordinance No. 630, she does not clearly allege any cause of action based on such failures. (See generally Food & Agr. Code, § 31101 et seq.) Of course, any such restatement must comply with the substantive rules of the Torts Claims Act discussed above.

31

## XII

## CONCLUSION

As discussed in part VI, *ante*, defendant's demurrer was generally defective for failure to assert the alleged defenses of statute of limitations, including failure to comply with the Tort Claims Act, and statutory immunities. In its ruling, the trial court did not decide immunity issues.

Nevertheless, defendants have attempted to establish these defenses to the third amended complaint by asserting defenses based on the statute of limitations, including the Tort Claims Act, and alleged statutory immunities. For the reasons stated, *ante*, we must conclude that they have failed to do so at this stage of the litigation.

Accordingly, the trial court erred in sustaining the demurrer without leave to amend. However, as noted above, we agree with the County that the demurrers to the sixth cause of action for inverse condemnation and the seventh cause of action for injunctive relief were properly sustained.

With regard to the demurrers for uncertainty, we conclude that there is a reasonable possibility that the defects in the third amended complaint could be cured by a further amendment. We therefore find that, except for the two causes of action, the trial court abused its discretion in sustaining defendants' demurrers without leave to amend, particularly since an amendment can address any uncertainties noted by the trial court.

XIII

DISPOSITION

The judgment is affirmed in part and reversed in part.  The portion of the judgment sustaining the County's demurrer to the sixth (inverse condemnation) and seventh (injunctive relief) causes of action is affirmed.  The portion of the judgment sustaining the County's demurrer to the remaining causes of action is reversed.

The trial court is directed to allow plaintiff to file a fourth amended complaint. Appellant shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

33